1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  Jacob L. Speckhard, Bar No. 325030
   JSpeckhard@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
4  San Diego, California 92130-2080
   Telephone: +1.858.720.5700
5  Facsimile:  +1.858.720.5799

6  Mallory Gitt Webster, *pro hac vice forthcoming*
   MWebster@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, Washington 98101-3099
   Telephone: +1.206.359.8000
9  Facsimile:  +1.206.359.9000

10 Attorneys for Defendant Amazon.com, Inc. and Amazon.com
   Services LLC (erroneously named as Amazon.com LLC)

11                      **UNITED STATES DISTRICT COURT**

12                      **NORTHERN DISTRICT OF CALIFORNIA**

13

14

15 ISABELLA VALLES; EBONY WARE;        Case No.  3:24-cv-06233
   DANIELA URIBE; JINAH CHUNG; CASEY
   MILES; KRYSTAL LARREA; JACQUELYN    **AMAZON.COM, INC. AND**
16 PEREZ; MARBLEANE BOND; RUBY         **AMAZON.COM SERVICES LLC'S**
   HORTA; EMILY PARKER; BRANDI         **NOTICE OF REMOVAL**
17 NEVEL; XIOMARA CARLOS; DINA ALI;
   JENISEA HARO; RAYNA CARR; SONIA
18 DUARTE; KAREN WILLIAMS; MONICA
   STEVENS; JULIANA IBANEZ TRUJILLO;   [Removed from the Superior Court of the State
19 KAYLEE MICHELLE; ARIELA             of California for the County of San Francisco,
   PETRUESCU; HIENNESSEYY LE;          Case No. CGC-24-615805]
20 AMANDA SEDA; ARIELLE WHITE; and
   ALINAA LOPEZ, on behalf of themselves   Complaint Filed: June 24, 2024
21 and all others similarly situated,

22         Plaintiffs,

23         v.

24 AMAZON.COM, INC.; AMAZON.COM
   SERVICES LLC; and DOES 1 through 100,
25 inclusive,

26         Defendants.

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT defendants Amazon.com, Inc. and Amazon.com Services LLC (erroneously named as Amazon.com LLC[1]) (collectively, "Amazon") remove this civil action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1332(d), 1441, and 1453. Pursuant to 28 U.S.C. § 1446(a), Amazon provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## I.    INTRODUCTION

1.    On June 24, 2024, Plaintiffs Isabella Valles, Ebony Ware, Daniela Uribe, Jinah Chung, Casey Miles, Krystal Larrea, Jacquelyn Perez, Marbleane Bond, Ruby Horta, Emily Parker, Brandi Nevel, Xiomara Carlos, Dina Ali, Jenisea Haro, Rayna Carr, Sonia Duarte, Karen Williams, Monica Stevens, Juliana Ibanez Trujillo, Kaylee Michelle, Ariela Petruescu, Hiennesseyy Le, Amanda Seda, Arielle White, and Alinaa Lopez (collectively, "Plaintiffs") filed a civil action captioned *Valles, et al. v. Amazon.com, Inc. and Amazon.com LLC*, Case No. CGC-24-615805, in the Superior Court of the State of California for the County of San Francisco. A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

2.    Plaintiffs served Amazon with the Complaint on August 6, 2024. True and correct copies of the "Proof of Service Summons" for each Amazon defendant are attached as Exhibits F and G to this Notice of Removal.

3.    This action involves alleged injuries to Plaintiffs from their use of "YIANNA Waist Trainer for Women Hourglass Body Shapers"[2] (the "Product"). They contend that the Product

---

[1] The entity was merged into Amazon.com Services LLC on January 1, 2018.

[2] Plaintiffs allege that the following products are at issue in this action: "YIANNA Waist Trainer for Women Hourglass Body Shapers," including "YIANNA Waist Trainer for Women Latex Underbust Waist Cincher Corset Sport Girdle Hourglass Body Shaper; YIANNA Waist Trainer for Women Latex Underbust Waist Corsets Cincher Hourglass Body Shaper 4 Hooks; YIANNA Latex Waist Trainer Corsets Zipper Underbust Sport Girdle Hourglass Body Shaper for Women; YIANNA Long Torso Waist Trainer for Women Underbust Corsets Cincher Sport Girdle; YIANNA Short Torso Waist Trainer Corset for Tummy Control Underbust Sports Workout Hourglass Body Shaper"; and the product available at "https://www.arnazon.corn/YIANNA-Underbust-Trainer-Corsets-Hourglass/dp/BOOV2WNA9I/ref==cm_cr_arp_d_product_top? ie= UTF8"). Compl. ¶ 1 & nn.1 & 2. They further explain that "[t]his definition is not exhaustive and shall include all of Defendant's Yianna products that are similarly defective." *Id.* at n.1.

"caused Plaintiffs to experience adverse skin reactions, including without limitation, rashes, burns, blisters, bruises, and/or scars" and "traumatized them." Compl. ¶ 5 (first quotation); *id.* ¶ 4 (second quotation); *see also id.* ¶ 51 (alleging that "the Product could cause consumers to suffer rashes, burns, bruises, blisters, scars and/or other skin irritations after using the Product"). They also allege that they would not have purchased the Product or would have paid less for it had they known about those alleged "risks." *Id.* ¶ 119.

4.    Plaintiffs assert several claims based on product liability theories: strict liability for failure to warn, strict liability for design and manufacturing defect, breach of express warranty, breach of implied warranty, negligent product liability, negligent misrepresentation, and fraud. *See id.* ¶¶ 67–115.

5.    Plaintiffs also assert a claim under the California Unfair Competition Law on behalf of a putative class of California consumers who purchased the Product. *Id.* ¶¶ 116–24.

6.    Plaintiffs seek compensatory damages for "lost earnings in the past; loss of earning capacity in the future; medical expenses incurred in the past; medical expenses to be incurred in the future; other economic damages; serious injury; pain and suffering; disability; physical impairment; disfigurement; mental anguish; inconvenience; aggravation of a disease or physical defect; [and] loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future"; statutory damages; punitive damages; "restitutionary disgorgement"; attorney fees and costs, and "all other available remedies and damages allowed by law." *Id.* ¶ 11 & Prayer for Relief.

**II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION**

7.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiffs filed this action initially in federal court. Plaintiffs are not citizens of the same state as Amazon, and the amount in controversy exceeds $75,000, exclusive of interest and costs. `

**A.    There is complete diversity.**

8.    Plaintiffs each allege that they are a citizen of the state of California. Compl. ¶¶ 12–36.

AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

9.      Plaintiffs name two Amazon entities as defendants. Neither of them is a citizen of California.

     a.      Defendant Amazon.com, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington. Amazon is therefore a citizen of Delaware and Washington.

     b.      On January 1, 2018, Amazon.com LLC was merged into Amazon.com Services LLC. Accordingly, Amazon.com Services LLC is the proper entity. Amazon.com Services LLC is a Delaware limited liability company. For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state of which its members are citizens. *E.g.*, *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington.

10.      The defendants identified in the Complaint as Does 1 through 100 are fictitious parties whose citizenship is disregarded for purposes of jurisdiction. 28 U.S.C. § 1441(b)(1). On information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties must be ignored for purposes of determining removal.

11.      Because Plaintiffs are California citizens and Amazon is a citizen of Delaware and Washington, complete diversity of citizenship exists.

**B.      The amount in controversy exceeds $75,000.**

12.      Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B), § 1332(a).

13.      Plaintiffs do not assert a specific value for their claims on the face of the Complaint, but their form cover sheet indicates that the damages they seek are "Unlimited." Ex. B to Notice of

Removal at 1 (state-court civil cover sheet). The Court should conclude based on the Complaint that each named Plaintiff's claim involves an amount in controversy in excess of $75,000 based on their alleged injuries and damages. *See* Compl. ¶¶ 5, 11, 15–36 & Prayer for Relief.

14.     The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not assert a specific value in a complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that a plaintiff's claims met the amount in controversy requirement when the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework). To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, at *1 (C.D. Cal. 2012).

15.     The amount in controversy includes "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

16.     Here, Plaintiffs filed an "Unlimited" civil case seeking relief under multiple theories of products liability—strict liability for failure to warn, strict liability for design and manufacturing defects, breach of express warranty, breach of implied warranty, negligent product liability, negligent misrepresentation, and fraud—as well as a claim for violation of California's UCL. *See* Compl. ¶¶ 67–120; *see also* Ex. B to Notice of Removal (state-court civil cover sheet indicating "Unlimited" damages sought).

17.     Plaintiffs allege that they sustained significant physical injuries from their use of the Product, including skin irritations, rashes, itching, and discoloration. Compl. ¶ 12. They also allege that they experienced economic injury because they would not have purchased the Product or would have paid less for it had they known about those alleged "risks." *Id.* ¶ 119.

AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

18. As a result of those alleged injuries, Plaintiffs seek compensatory damages, non-economic damages, punitive damages, "restitutionary disgorgement in favor of Plaintiffs and all other similarly situated persons in California," attorney fees and costs, pre-judgment and post-judgment interest, and any other relief the Court "deems necessary, just, and proper." *Id.* at Prayer for Relief.

19. Plaintiffs contend that their alleged compensatory damages include "lost earnings in the past; loss of earning capacity in the future; medical expenses incurred in the past; medical expenses to be incurred in the future; other economic damages; serious injury; pain and suffering; disability; physical impairment; disfigurement; mental anguish; inconvenience; aggravation of a disease or physical defect; loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future; and other non-economic damages." *Id.*

20. Although Plaintiffs cannot ultimately recover any damages or other relief from Amazon, given the number of liability theories pursued, the significant alleged injuries, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000 for each Plaintiff and that the action meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

21. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiffs are entitled to any damages or other relief.

**III.    THIS CASE IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT**

22. "[A]ny civil action brought in state court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant." 28 U.S.C. § 1441(a). This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") had Plaintiffs initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting the procedure for removing class actions).

23. CAFA gives federal courts original jurisdiction over putative class actions in which (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a

State different from any defendant"; and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." *Id.* § 1332(d)(2), (d)(5)(B).

24.    Based on the allegations pleaded in the Complaint, which are taken as true for purposes of removal, this action satisfies CAFA's requirements and is removable to this Court. Amazon denies Plaintiffs' factual allegations and further denies that Plaintiffs, or the class they purport to represent, are entitled to the requested damages. Amazon opposes class certification and the merits of Plaintiffs' claim. For removal purposes, however, Plaintiffs' allegations establish CAFA jurisdiction.

### A.    The proposed class consists of at least 100 members.

25.    This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

26.    Plaintiffs seek certification of the proposed class under California Code of Civil Procedure § 382, which authorizes "representative actions" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." *See* Compl. ¶ 121(a). Because the requirements of California Code of Civil Procedure § 382 are similar to those of Federal Rule of Civil Procedure 23, Section 382 is a "similar State statute" under CAFA. *See Baumann v. Chase Inv. Serv's. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014).

27.    Plaintiffs allege that the putative class contains "thousands of customers who have purchased the Product and suffered injury after using the Product." Compl. ¶ 123(a).

28.    Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

### B.    Minimal diversity exists.

29.    Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

30.    Plaintiffs each allege that they are a citizen of California. Compl. ¶¶ 12–36.

AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

31.    As explained above, a corporation is a citizen of the states "by which it has been incorporated and . . . where it has its principal place of business," 28 U.S.C. § 1332(c)(1), and an LLC is a citizen of every state of which its members are citizens, *Americold Realty Tr.*, 136 S. Ct. at 1016.

32.    Amazon is a citizen of Delaware and Washington.

33.    Thus, the minimal diversity requirement is met because at least one putative class member is diverse from Amazon.

**C.    The amount in controversy exceeds $5,000,000.**

34.    CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

35.    Where a class action complaint does not expressly allege that more than $5 million is in controversy, a defendant must only set forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). That standard is satisfied when it is "facially apparent" from the complaint that the asserted claims put into controversy more than $5,000,000. *Id.*; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch*, 899 F.3d at 788.

36.    On behalf of the putative class—"all citizens of the State of California who purchased the Product"—Plaintiffs seek "restitutionary and injunctive relief" for the alleged violation of the UCL. Compl. ¶ 121(a) (first quotation), ¶ 120 (second quotation). They contend that the "harm" the class allegedly experienced was "the payment of monies, including but not

-8-

1  limited to retail prices charged in connection with [their] use of the Product" and that Plaintiffs and

2  the putative class "would not have purchased the Product" or "would have paid less for it" had they

3  known about the alleged "risks of personal injury." *Id.* ¶ 119.

4         37.    Because Plaintiffs intend to seek "restitutionary disgorgement" on behalf of all

5  California purchasers, the potential maximum restitution at issue aligns with the amount of retail

6  sales in California over the four-year class period. The amount of money spent on California sales

7  of the Product during that period exceeds $5 million. *See* Declaration of Stephanie Habben in

8  Support of Amazon Notice of Removal (Aug. 29, 2024) ¶ 6; *see also Nathan v. Fry's Elecs. Inc.*,

9  607 F. App'x 623, 623 (9th Cir. 2015) (holding that company "established by a preponderance of

10  the evidence that the total amount in controversy exceeds the jurisdictional minimum" by

11  "attach[ing]" to its notice of removal a declaration that "stated [the company's] sales in California

12  during the relevant time period exceeded $5 million").

13         38.    In addition, Plaintiffs seek attorney fees, costs, and injunctive relief, all of which

14  further contribute to an amount in controversy exceeding $5 million. *See Guglielmino v. McKee*

15  *Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorney fees included in determining amount in

16  controversy); *Fritsch*, 899 F.3d at 788 (punitive damages included in determining amount in

17  controversy).

18         39.    As to attorney fees, the Ninth Circuit has held that for purposes of removal a 25%

19  recovery is the "benchmark" for reasonable attorney fees in class-action cases. *See Hanlon v.*

20  *Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in irrelevant part by Wal-Mart*

21  *Stores, Inc. v. Dukes,* 564 U.S. 338 (2011).

22         40.    When a plaintiff seeks injunctive relief, the cost of complying with the injunction is

23  included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416

24  (9th Cir. 2018). Under the Ninth Circuit's "either viewpoint" rule, the "test for determining the

25  amount in controversy is the pecuniary result to either party which the judgment would directly

26  produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

27

28

41.     Therefore, in light of the total retail sales alone, this action meets the amount in controversy under CAFA. Attorney fees and injunctive relief further push the amount in controversy beyond the CAFA threshold.

42.     Amazon does not concede, however, that Plaintiffs or any putative class member is entitled to any damages or other relief or concede that Amazon is liable for any conduct alleged in this action.

**D.      None of CAFA's exceptions bar removal of this action.**

43.     This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9) or 28 U.S.C. § 1453(d).

## IV.     ALL DEFENDANTS CONSENT TO REMOVAL

44.     All properly joined and served defendants—Amazon.com, Inc. and Amazon.com Services LLC—consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A).

45.     The defendants identified as Does 1 through 100 in the Complaint are fictitious parties against whom no cause of action can be validly alleged. On information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties must be ignored for purposes of determining consent to removal.

## V.     THIS FILING IS TIMELY

46.     Plaintiffs served Amazon on August 6, 2024. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Amazon filed the Notice within 30 days after it was purportedly served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47–48 (1999) (holding that the 30-day removal period begins with formal service).

## VI.     VENUE OF REMOVED ACTION

47.     Venue properly lies in the United States District Court for the Northern District of California because this "district and division embrac[e]" San Francisco County, where the Complaint was initially filed. 28 U.S.C. §§ 84(a), 1441(a). Venue is proper in this Court under 28 U.S.C. § 1441(a).

## VII.    INTRA-DISTRICT ASSIGNMENT

48.    Assignment to the San Francisco Division of this Court is proper because that division embraces the county (San Francisco County) where the Complaint was initially filed. L.R. 3-2(c), (d), 3-5(b).

## VIII.    NOTICE TO THE STATE COURT

49.    Pursuant to 28 U.S.C. § 1446(d), Amazon is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of San Francisco, where the action was originally filed. Amazon is also providing Plaintiffs notice of this removal by serving their counsel with the Notice of Removal.

## IX.    PLEADINGS IN THE STATE COURT ACTION

50.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in this action are attached as Exhibits A through G to this Notice of Removal. A true and correct copy of the San Francisco Superior Court docket for this action is attached as Exhibit H to this Notice of Removal.

## X.    NON-WAIVER OF DEFENSES

51.    Amazon expressly reserves all of its defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit or that the putative class is entitled to any relief of any kind.

WHEREFORE, Amazon hereby removes the above-titled case to this Court.

1    Dated: September 4, 2024                    **PERKINS COIE LLP**

2

3                                                By: */s Julie L. Hussey*
                                                     Julie L. Hussey, Bar No. 237711
4                                                    Jacob L. Speckhard, Bar No. 325030
                                                     Mallory Gitt Webster, *pro hac vice*
5                                                    *forthcoming*

6

7                                                Attorneys for Defendant Amazon.com, Inc. and
                                                 Amazon.com Services LLC (erroneously named
8                                                as Amazon.com LLC)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

168631359