Exhibit A

Exhibit A

1  **SINGLETON SCHREIBER, LLP**
   CHRISTOPHER R. RODRIGUEZ, SB# 212274
2    E-Mail: crodriguez@singletonschreiber.com
   ANDREW D. BLUTH, SB# 232387
3    E-Mail: abluth@singletonschreiber.com
   JOHN R. TERNIEDEN SB# 330343
4    E-Mail: jternieden@singletonschreiber.com
   1414 K Street, Suite 470
5  Sacramento, California 95814
   Telephone: (619) 333-7479
6
   **HAYES LAW, APC**
7  JAMES F. HAYES, SB# 283259
     E-Mail: Jim@HayesLawSD.com
8  JILLIAN F. HAYES, SB# 297536
     E-Mail: Jillian@HayesLawSD.com
9  3940 Hortensia Street, Suite 205
10 San Diego, CA  92110
   Telephone: (858) 737-3311
11 Facsimile: (858) 221-4064

12 Attorneys for Plaintiffs

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/24/2024**
**Clerk of the Court**
BY: AUSTIN LAM
        Deputy Clerk

**CGC-24-615805**

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                      COUNTY OF SAN FRANCISCO

15 ISABELLA VALLES, an individual;        CASE NO.
   EBONY WARE, an individual; DANIELA
16 URIBE, an individual; JINAH CHUNG, an    **CLASS ACTION (AS TO EIGHTH**
   individual; CASEY MILES; KRYSTAL         **CAUSE OF ACTION ONLY)**
17 LARREA, an individual; JACQUELYN
   PEREZ, an individual; MARBLEANE          **COMPLAINT FOR:**
18 BOND, an individual; RUBY HORTA, an         **(1) STRICT LIABILITY (FAILURE**
   individual; EMILY PARKER, an individual;     **TO WARN)**
19 BRANDI NEVEL, an individual;
   XIOMARA CARLOS, an individual; DINA       **(2) STRICT LIABILITY**
20 ALI, an individual; JENISEA HARO, an          **(DEFECTIVE PRODUCT)**
   individual; RAYNA CARR, an individual;
21 SONIA DUARTE, an individual; KAREN       **(3) BREACH OF EXPRESS**
   WILLIAMS, an individual; MONICA              **WARRANTY**
22 STEVENS, an individual; JULIANA
   IBANEZ TRUJILLO, an individual;          **(4) BREACH OF IMPLIED**
23 KAYLEE MICHELLE, an individual;              **WARRANTY**
   ARIELA PETRUESCU, an individual;
24 HIENNESSEYY LE, an individual;           **(5) NEGLIGENT PRODUCT**
   AMANDA SEDA an individual; ARIELLE           **LIABILITY**
25 WHITE, an individual; and ALINAA
   LOPEZ, an individual; on behalf of        **(6) NEGLIGENT**
26 themselves and all others similarly situated,   **MISREPRESENTATION**

27                                           **(7) COMMON LAW FRAUD**

28

                                    1
                          CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | | |
| 2 | Plaintiffs, | **(8) VIOLATION OF THE UNFAIR COMPETITION LAW ("UCL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et. seq.* (CLASS CLAIM)** |
| 3 | v. | |
| 4 | AMAZON.COM, INC., a Delaware corporation; AMAZON.COM LLC, a Delaware corporation; and DOES 1 through 100, inclusive, | |
| 5 | | **JURY TRIAL DEMANDED** |
| 6 | | |
| 7 | Defendants. | |

## COMPLAINT

Plaintiffs ISABELLA VALLES; EBONY WARE; DANIELA URIBE; JINAH CHUNG; CASEY MILES; KRYSTAL LARREA; JACQUELYN PEREZ; MARBLEANE BOND; RUBY HORTA; EMILY PARKER; BRANDI NEVEL; XIOMARA CARLOS; DINA ALI; JENISEA HARO; RAYNA CARR; SONIA DUARTE; KAREN WILLIAMS; MONICA STEVENS; JULIANA IBANEZ TRUJILLO; KAYLEE MICHELLE; ARIELA PETRUESCU; HIENNESSEYY LE; AMANDA SEDA; ARIELLE WHITE; and ALINAA LOPEZ by and through above-captioned counsel, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), hereby submit this Complaint and jury demand against Defendants AMAZON.COM INC., AMAZON.COM LLC, and DOES 1 through 100 (collectively referred to herein as "Defendant" or "Amazon"), upon information and belief and based upon the investigation of counsel, thereby Plaintiffs state and allege as follows:

## INTRODUCTION

1.      This is an action for damages suffered by Plaintiffs as a direct and proximate result of Amazon's wrongful conduct in connection with the packaging, labeling, promoting, advertising, marketing, sales, and distribution of YIANNA Waist Trainer for Women Hourglass Body Shapers (the "Product").[1]

---

[1] At the time of this filing, the following YIANNA products are included in this definition: YIANNA Waist Trainer for Women Latex Underbust Waist Cincher Corset Sport Girdle Hourglass Body Shaper; YIANNA Waist Trainer for Women Latex Underbust Waist Corsets Cincher Hourglass Body Shaper 4 Hooks; YIANNA Latex Waist Trainer Corsets Zipper (footnote continued)

2.    Defendant promotes, advertises, markets, distributes, and sells the Product as the "#1 Best Seller in Women's Shapewear Waist Cinchers" and touts its tens of thousands of positive customer reviews through its online marketplace, Amazon.com.[2]

3.    Defendant further promotes, advertises, markets, distributes, sells the Product as a "Weight Loss Body Shaper" that:

- "Boosts thermal activity and gently lifts underbust,"
- "Takes inches off your waist and creates an hourglass figure and promotes a quick post-partum recovery."
- "[will] make your body curve more attractive. You will be the focus of attention."
- "[gives you] a sexy figure like Kim Kardashian."



4.    Unfortunately for Plaintiffs, each of whom relied on these representations when purchasing the Product to assist with their beauty and health regimen, the Product did the exact

Underbust Sport Girdle Hourglass Body Shaper for Women; YIANNA Long Torso Waist Trainer for Women Underbust Corsets Cincher Sport Girdle; YIANNA Short Torso Waist Trainer Corset for Tummy Control Underbust Sports Workout Hourglass Body Shaper. This definition is not exhaustive and shall include all of Defendant's Yianna products that are similarly defective.
[2] https://www.amazon.com/YIANNA-Underbust-Trainer-Corsets-Hourglass/dp/B00V2WNA9I/ref=cm_cr_arp_d_product_top?ie=UTF8

1    opposite and traumatized them in the process.

2        5.      The Products all suffer from an identical and dangerous defect, which caused

3    Plaintiffs to experience adverse skin reactions, including without limitation, rashes, burns, blisters,

4    bruises, and/or scars after using the Products as advertised.

5        6.      At all relevant times, Amazon has been aware of this dangerous defect but failed to

6    warn consumers.

7        7.      Rather than taking any appropriate measures to notify potential purchasers,

8    Defendant has deliberately chosen to suppress any negative reviews and further mislead

9    consumers by advertising (on the Product's main web page) that:

10   **Customers say**

11   Customers like the quality, comfort, breathability and support of the waist cincher. For example, they
     mention it's sturdy, helps with pain control and the quality texture of the material allows for your skin to
12   breathe under it. That said some complain about the ease of use.

13   AI-generated from the text of customer reviews

14   ✅ Quality | ✅ Comfort | ✅ Support | ✅ Appearance | ✅ Performance | ✅ Breathability | Fit |
     ⛔ Ease of use

15

16       8.      In doing so, Defendant has exposed, and continues to expose, millions of California

17   citizens, including Plaintiffs, to safety risks while also knowingly selling consumers defective

18   Products that pose serious safety risks and are worth less than represented.

19       9.      Indeed, once the truth is exposed, the Products are worthless to most consumers. In

20   many instances, they are simply discarded and never used again.

21       10.     As a direct and proximate result of Defendant's negligent, reckless, grossly

22   negligent, and willful disregard, wrongful actions, inactions and/or conduct, Plaintiffs, and each of

23   them, have suffered harm from purchasing and using the Product.

24       11.     Plaintiffs therefore demand judgment against Defendant and requests, among other

25   things, compensatory damages, statutory damages, punitive damages, attorneys' fees, costs and all

26   other available remedies and damages allowed by law.

27

28

CLASS ACTION COMPLAINT

# THE PARTIES

**A. Plaintiffs**

12.    At all relevant times, Plaintiff ISABELLA VALLES was and has been a resident and citizen of Los Angeles County, California. Plaintiff ISABELLA VALLES brings this action for personal injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff ISABELLA VALLES suffered skin irritations, including without limitation, rashes, itching, and discoloration, following using the Product. Plaintiff ISABELLA VALLES would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

13.    At all relevant times, Plaintiff EBONY WARE was and has been a resident and citizen of Los Angeles County, California. Plaintiff EBONY WARE brings this action for personal injuries sustained by using the Product as advertised, sold, and delivered to her Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff EBONY WARE suffered skin irritations, including without limitation, blisters, burns, rashes, scars, and discoloration, following using the Product. Plaintiff EBONY WARE would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

14.    At all relevant times, Plaintiff DANIELA URIBE was and has been a resident and citizen of Santa Barbara County, California. Plaintiff DANIELA URIBE brings this action for personal injuries sustained by using the Product advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff DANIELA URIBE suffered skin irritations, including without limitation, burns and itching, following using the Product. Plaintiff DANIELA URIBE would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

15.    At all relevant times, Plaintiff JINAH CHUNG was and has been a resident and citizen of Orange County, California. Plaintiff JINAH CHUNG brings this action for personal

1  injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a

2  direct and proximate result of using the Product within the statutory period, Plaintiff JINAH

3  CHUNG suffered skin irritations, including without limitation, blisters, burns, itching and

4  discoloration, following using the Product. Plaintiff JINAH CHUNG would not have purchased

5  the product or would have paid significantly less for the Product had she known that the Product

6  was dangerous and otherwise unfit to perform its intended purpose.

7        16.    At all relevant times, Plaintiff CASEY MILES was and has been a resident and

8  citizen of San Diego County, California. Plaintiff CASEY MILES brings this action for personal

9  injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a

10  direct and proximate result of using the Product within the statutory period, Plaintiff CASEY

11  MILES suffered skin irritations, including without limitation, blisters, burns, scars, itching, and

12  discoloration, following using the Product. Plaintiff CASEY MILES would not have purchased

13  the product or would have paid significantly less for the Product had she known that the Product

14  was dangerous and otherwise unfit to perform its intended purpose.

15        17.    At all relevant times, Plaintiff KRYSTAL LARREA was and has been a resident

16  and citizen of Orange County, California. Plaintiff KRYSTAL LARREA brings this action for

17  personal injuries sustained by using the Product as advertised, sold, and delivered to her by

18  Defendant. As a direct and proximate result of using the Product within the statutory period,

19  Plaintiff KRYSTAL LARREA suffered skin irritations, including without limitation, burns, scars,

20  rashes, itching, and discoloration following using the Product. Plaintiff KRYSTAL LARREA

21  would not have purchased the product or would have paid significantly less for the Product had

22  she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

23        18.    At all relevant times, Plaintiff JACQUELYN PEREZ was and has been a resident

24  and citizen of Los Angeles County, California. Plaintiff JACQUELYN PEREZ brings this action

25  for personal injuries sustained by using the Product as advertised, sold, and delivered to her by

26  Defendant. As a direct and proximate result of using the Product within the statutory period,

27  Plaintiff JACQUELYN PEREZ suffered skin irritations, including without limitation, rashes,

28  bruises, scars, and discoloration, following using the Product. Plaintiff JACQUELYN PEREZ

1    would not have purchased the product or would have paid significantly less for the Product had

2    she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

3         19.    At all relevant times, Plaintiff MARBLEANE BOND was and has been a resident

4    and citizen of San Diego County, California. Plaintiff MARBLEANE BOND brings this action for

5    personal injuries sustained by using the Product as advertised, sold, and delivered to her by

6    Defendant. As a direct and proximate result of using the Product within the statutory period,

7    Plaintiff MARBLEANE BOND suffered skin irritations, including without limitation, rashes,

8    itching, and discoloration, following using the Product. Plaintiff MARBLEANE BOND would not

9    have purchased the product or would have paid significantly less for the Product had she known

10   that the Product was dangerous and otherwise unfit to perform its intended purpose.

11        20.    At all relevant times, Plaintiff RUBY HORTA was and has been a resident and

12   citizen of San Bernardino County, California. Plaintiff RUBY HORTA brings this action for

13   personal injuries sustained by using the Product as advertised, sold, and delivered to her by

14   Defendant. As a direct and proximate result of using the Product within the statutory period,

15   Plaintiff RUBY HORTA suffered skin irritations, including without limitation, rashes, itching, and

16   discoloration, following using the Product. Plaintiff RUBY HORTA would not have purchased the

17   product or would have paid significantly less for the Product had she known that the Product was

18   dangerous and otherwise unfit to perform its intended purpose.

19        21.    At all relevant times, Plaintiff EMILY PARKER was and has been a resident and

20   citizen of Sacramento County, California. Plaintiff EMILY PARKER brings this action for

21   personal injuries sustained by using the Product as advertised, sold, and delivered to her by

22   Defendant. As a direct and proximate result of using the Product within the statutory period,

23   Plaintiff EMILY PARKER suffered skin irritations, including without limitation, rashes, bruises,

24   burns, and discoloration, following using the Product. Plaintiff EMILY PARKER would not have

25   purchased the product or would have paid significantly less for the Product had she known that the

26   Product was dangerous and otherwise unfit to perform its intended purpose.

27        22.    At all relevant times, Plaintiff BRANDI NEVEL was and has been a resident and

28   citizen of San Joaquin County, California. Plaintiff BRANDI NEVEL brings this action for

personal injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff BRANDI NEVEL suffered skin irritations, including without limitation, rashes, blisters, burns, itching, and discoloration, following using the Product. Plaintiff BRANDI NEVEL would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

23.    At all relevant times, Plaintiff XIOMARA CARLOS was and has been a resident and citizen of Los Angeles County, California. Plaintiff XIOMARA CARLOS brings this action for personal injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff XIOMARA CARLOS suffered skin irritations, including without limitation, rashes, itching, and discoloration, following using the Product. Plaintiff XIOMARA CARLOS would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

24.    At all relevant times, Plaintiff DINA ALI was and has been a resident and citizen of Contra Costa County, California. Plaintiff DINA ALI brings this action for personal injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff DINA ALI suffered skin irritations, including without limitation, rashes, burns, itching, and discoloration, following using the Product. Plaintiff DINA ALI would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

25.    At all relevant times, Plaintiff JENISEA HARO was and has been a resident and citizen of Orange County, California. Plaintiff JENISEA HARO brings this action for personal injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff JENISEA HARO suffered skin irritations, including without limitation, burns, rashes, itching, and discoloration, following using the Product. Plaintiff JENISEA HARO would not have purchased

1    the product or would have paid significantly less for the Product had she known that the Product

2    was dangerous and otherwise unfit to perform its intended purpose.

3        26.    At all relevant times, Plaintiff RAYNA CARR was and has been a resident and

4    citizen of San Bernardino County, California. Plaintiff RAYNA CARR brings this action for

5    personal injuries sustained by using the Product as advertised, sold, and delivered to her by

6    Defendant. As a direct and proximate result of using the Product within the statutory period,

7    Plaintiff RAYNA CARR suffered skin irritations, including without limitation, burns, rashes,

8    scars, itching, and discoloration, following using the Product. Plaintiff RAYNA CARR would not

9    have purchased the product or would have paid significantly less for the Product had she known

10   that the Product was dangerous and otherwise unfit to perform its intended purpose.

11       27.    At all relevant times, Plaintiff SONIA DUARTE was and has been a resident and

12   citizen of Alameda County, California. Plaintiff SONIA DUARTE brings this action for personal

13   injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a

14   direct and proximate result of using the Product within the statutory period, Plaintiff SONIA

15   DUARTE suffered skin irritations, including without limitation, itching and discoloration,

16   following using the Product. Plaintiff SONIA DUARTE would not have purchased the product or

17   would have paid significantly less for the Product had she known that the Product was dangerous

18   and otherwise unfit to perform its intended purpose.

19       28.    At all relevant times, Plaintiff KAREN WILLIAMS was and has been a resident

20   and citizen of Los Angeles County, California. Plaintiff KAREN WILLIAMS brings this action

21   for personal injuries sustained by using the Product as advertised, sold, and delivered to her by

22   Defendant. As a direct and proximate result of using the Product within the statutory period,

23   Plaintiff KAREN WILLIAMS suffered skin irritations, including without limitation, burns, rashes,

24   bruises, itching, and discoloration, following using the Product. Plaintiff KAREN WILLIAMS

25   would not have purchased the product or would have paid significantly less for the Product had

26   she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

27       29.    At all relevant times, Plaintiff MONICA STEVENS was and has been a resident

28   and citizen of Los Angeles County, California. Plaintiff MONICA STEVENS brings this action

1  for personal injuries sustained by using the Product as advertised, sold, and delivered to her by

2  Defendant. As a direct and proximate result of using the Product within the statutory period,

3  Plaintiff MONICA STEVENS suffered skin irritations, including without limitation, rashes,

4  itching, and discoloration, following using the Product. Plaintiff MONICA STEVENS would not

5  have purchased the product or would have paid significantly less for the Product had she known

6  that the Product was dangerous and otherwise unfit to perform its intended purpose.

7       30.    At all relevant times, Plaintiff JULIANA IBANEZ TRUJILLO was and has been a

8  resident and citizen of San Bernardino County, California. Plaintiff JULIANA IBANEZ

9  TRUJILLO brings this action for personal injuries sustained by using the Product as advertised,

10  sold, and delivered to her by Defendant. As a direct and proximate result of using the Product

11  within the statutory period, Plaintiff JULIANA IBANEZ TRUJILLO suffered skin irritations,

12  including without limitation, scars, rashes, itching, and discoloration, following using the Product.

13  Plaintiff JULIANA IBANEZ TRUJILLO would not have purchased the product or would have

14  paid significantly less for the Product had she known that the Product was dangerous and

15  otherwise unfit to perform its intended purpose.

16       31.    At all relevant times, Plaintiff KAYLEE MICHELLE was and has been a resident

17  and citizen of Tulare County, California. Plaintiff KAYLEE MICHELLE brings this action for

18  personal injuries sustained by using the Product as advertised, sold, and delivered to her by

19  Defendant. As a direct and proximate result of using the Product within the statutory period,

20  Plaintiff KAYLEE MICHELLE suffered skin irritations, including without limitation, rashes,

21  itching, and discoloration, following using the Product. Plaintiff KAYLEE MICHELLE would not

22  have purchased the product or would have paid significantly less for the Product had she known

23  that the Product was dangerous and otherwise unfit to perform its intended purpose.

24       32.    At all relevant times, Plaintiff ARIELA PETRUESCU was and has been a resident

25  and citizen of San Bernardino County, California. Plaintiff ARIELA PETRUESCU brings this

26  action for personal injuries sustained by using the Product as advertised, sold, and delivered to her

27  by Defendant. As a direct and proximate result of using the Product within the statutory period,

28  Plaintiff ARIELA PETRUESCU suffered skin irritations, including without limitation, blisters,

1    burns, rashes, itching and discoloration, following using the Product. Plaintiff ARIELA

2    PETRUESCU would not have purchased the product or would have paid significantly less for the

3    Product had she known that the Product was dangerous and otherwise unfit to perform its intended

4    purpose.

5          33.    At all relevant times, Plaintiff HIENNESSEYY LE was and has been a resident and

6    citizen of Sacramento County, California. Plaintiff HIENNESSEYY LE brings this action for

7    personal injuries sustained by using the Product as advertised, sold, and delivered to her by

8    Defendant. As a direct and proximate result of using the Product within the statutory period,

9    Plaintiff HIENNESSEYY LE suffered skin irritations, including without limitation, rashes,

10   itching, and discoloration, following using the Product. Plaintiff HIENNESSEYY LE would not

11   have purchased the product or would have paid significantly less for the Product had she known

12   that the Product was dangerous and otherwise unfit to perform its intended purpose.

13         34.    At all relevant times, Plaintiff AMANDA SEDA was and has been a resident and

14   citizen of Los Angeles County, California. Plaintiff AMANDA SEDA brings this action for

15   personal injuries sustained by using the Product as advertised, sold, and delivered to her by

16   Defendant. As a direct and proximate result of using the Product within the statutory period,

17   Plaintiff AMANDA SEDA suffered skin irritations, including without limitation, rashes, itching,

18   and discoloration, following using the Product. Plaintiff AMANDA SEDA would not have

19   purchased the product or would have paid significantly less for the Product had she known that the

20   Product was dangerous and otherwise unfit to perform its intended purpose.

21         35.    At all relevant times, Plaintiff ARIELLE WHITE was and has been a resident and

22   citizen of Los Angeles County, California. Plaintiff ARIELLE WHITE brings this action for

23   personal injuries sustained by using the Product as advertised, sold, and delivered to her by

24   Defendant. As a direct and proximate result of using the Product within the statutory period,

25   Plaintiff ARIELLE WHITE suffered skin irritations, including without limitation, rashes, itching,

26   and discoloration, following using the Product. Plaintiff ARIELLE WHITE would not have

27   purchased the product or would have paid significantly less for the Product had she known that the

28   Product was dangerous and otherwise unfit to perform its intended purpose.

36.     At all relevant times, Plaintiff ALINAA LOPEZ, was and has been a resident and citizen of Los Angeles County, California. Plaintiff ALINAA LOPEZ brings this action for personal injuries sustained by using the Product as advertised, sold, and delivered to her by Defendant. As a direct and proximate result of using the Product within the statutory period, Plaintiff ALINAA LOPEZ suffered skin irritations, including without limitation, rashes, itching, and discoloration, following using the Product. Plaintiff ALINAA LOPEZ would not have purchased the product or would have paid significantly less for the Product had she known that the Product was dangerous and otherwise unfit to perform its intended purpose.

**B. Defendant**

37.     At all times relevant, Defendant AMAZON.COM INC., was and is a Delaware corporation with its principal place of business in Seattle, Washington, and was and is a business entity doing business in the State of California.

38.     At all relevant times, Defendant AMAZON.COM LLC, a corporation, was and is a business entity doing business in the State of California.

39.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed, believe and thereon allege that each of the Defendants herein designated as DOE Defendant caused injuries and damages proximately thereby to Plaintiffs and hereafter alleged, and that each DOE Defendant is liable to Plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to Plaintiffs, and damages sustained by Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of said DOE Defendants when that same is ascertained.

## JURISDICTION AND VENUE

40.     This Court has jurisdiction over Defendant because it has engaged in the business of marketing, advertising, promoting, packaging, distributing, and/or selling of the Product to Plaintiffs in California.

41.     Venue is proper in this forum because the Defendant engaged in the above-described business activities in Los Angeles County and a substantial portion of the practices,

1    events and/or omissions complained of herein occurred and/or had an effect in Los Angeles

2    County, where multiple Plaintiffs reside.

3    <u>**FACTUAL ALLEGATIONS**</u>

4    **A. Defendant Markets, Distributes, Sells and Delivers the Product**

5    42.    At all relevant times, Defendant was in the business of researching, testing,

6    advertising, promoting, marketing, selling, and distributing consumer products, including the

7    Product.

8    43.    At all relevant times, Defendant was in the chain of distribution, was pivotal to the

9    sale of the Product, and was an integral part of the overall producing and manufacturing enterprise

10   that supplied the Product for use by Plaintiffs and other consumers.

11   44.    Plaintiffs are informed and believe, that beginning in approximately June of 2015,

12   Defendant began advertising, promoting, marketing, selling, and distributing the Product to

13   consumers across the United States, including California, through its website, Amazon.com.

14   45.    Defendant has, and continues to promote, advertise, market, distribute and sell the

15   Product by offering "Free-Two Day Shipping" of the Product through its "Amazon Prime"

16   delivery service.

17   46.    In order to purchase and receive the Product, a consumer places the Product in their

18   Amazon.com online shopping cart, proceeds to Amazon's check out page, and submits payment.

19   47.    After a consumer submits payment for the Product, Defendant packages and

20   delivers the Product directly to a consumer's physical address of choice.

21   48.    The packaging for the Product has "High Quality" clearly advertised on the front.

22   49.    The only warning for the Product is camouflaged on the back of the package which

23   reads: "Warning: Part of the product is made of latex rubber, which may cause allergic reactions.

24   If you are allergic to latex or if you are not sure about this, please consult your doctor for

25   instructions before usage."

26   **B. The Dangers of the Product**

27   50.    Despite being itself well aware of the dangers associated with the Product since at

28   least 2016, Defendant has failed to adequately investigate the risks the Product poses to

1  consumers.

2         51.    Despite being itself well aware of the dangers associated with the Product since at

3  least 2016, Defendant failed to warn unsuspecting consumers of the risks that the Product could

4  cause consumers to suffer rashes, burns, bruises, blisters, scars and/or other skin irritations after

5  using the Product.

6         52.    The Product's defect renders the Product unsafe for Plaintiffs and other consumers

7  to use. Defendant had knowledge of the Product's defect, which was not known to Plaintiffs or

8  other consumers.

9         53.    To make matters worse, Defendant made representations, it knew were false, to

10  Plaintiffs and other consumers while suppressing the safety defect. Specifically, by promoting,

11  advertising, and marketing the Product, Defendant represented that the Product was suitable for

12  use as a waist trainer, without disclosing that the Product had a critical safety-related defect that

13  could result in harm to users of the Product.

14         54.    At all relevant times in connection with Plaintiffs' purchases and use of the

15  Product, Defendant never provided any warning, disclosure, and/or information regarding rashes,

16  burns, bruises, blisters, scars, and/or other adverse skin reactions associated with the Product.

17  **C.  Defendant's Pre-Sale Knowledge of the Defect**

18         55.    Defendant has received numerous reports of the Product's dangerous defect.

19         56.    Indeed, between September 2016 and June 2024, Defendant received hundreds of

20  reports related to physical injury, such as rashes and burns, stemming from the Product's defect.

21         57.    Thus, Defendant has been aware of the Product's defect for over 7 years.

22         58.    At minimum, such an unusually high number of reports about the same exact issue,

23  as well as the severity of the injury reports, alerted Defendant to the Product's defect and

24  Defendant should have taken immediate action to protect consumers.

25         **TOLLING AND ESTOPPEL OF THE STATUTE OF LIMITATIONS**

26         59.    Defendant is, and at all relevant times has been, under a continuous duty to disclose

27  to Plaintiffs and other consumers the true character, quality, and nature of the defect plaguing the

28  Product.

60. Defendant actively concealed the true character, quality, and nature of the Product and knowingly made misrepresentations about the Product's safety, quality, characteristics, and performance.

61. Defendant had actual knowledge that the Product contains a dangerous defect but did not alert consumers, including Plaintiffs, of the defect or dangers associated with the Product's intended use.

62. Defendant's advertisements, marketing materials and other representations suppress the fact the Product poses risks of personal injury.

63. Similarly, Defendant's business practices, including the misleading phrases like "gently lifts underbust" obscure and conceal the fact that the Product cannot lawfully be sold for its intended and stated purpose.

64. Plaintiffs reasonably relied upon Defendant's misrepresentations and/or active concealment of these facts and suffered injuries as a proximate result of their justifiable reliance.

65. Accordingly, Plaintiffs' lack of awareness was not attributable to a lack of diligence on their part.

66. As a result of Defendant's active concealment of the Product's defect and/or failure to inform Plaintiffs of the Product's defect, all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled. Furthermore, Defendant is estopped from relying on any statutes of limitation in light of its active concealment of the Product's defect.

## FIRST CAUSE OF ACTION

### Strict Product Liability – Failure to Warn

67. Plaintiffs reallege and incorporate the allegations made above as if fully set forth below.

68. Plaintiffs bring this strict liability claim against Amazon for failure to warn of defective condition.

69. At all relevant times, the Product was in a dangerous and defective condition when introduced into the stream of commerce. The Product was so defective that when used in a way that was reasonably foreseeable, the Product presented potential risks that created a substantial

1    danger that could and/or would cause serious injuries to users of the Product and others.

2        70.     At all relevant times, the Product had potential risks, including, but not limited to,

3    burning and permanently scarring skin, which were risks known and/or knowable by the use of

4    scientific knowledge available at the time of the manufacture, distribution, and sale of the Product.

5    Defendant knew and/or in the exercise of reasonable care, should have known that the potential

6    and/or inherent risks presented a substantial danger to users of the Product because Defendant

7    possessed special knowledge of the materials, design, character and assemblage of the Product.

8    Plaintiffs, as ordinary consumers, would neither recognize, nor have knowledge that the Product

9    was dangerous and defective.

10       71.     Although Defendant possessed special knowledge of the potential risks and

11    substantial danger to users of the Product, including Plaintiffs, Defendant failed to adequately

12    warn and/or instruct of the potential risks and dangerous and defective conditions of the Product.

13       72.     As a direct and proximate result of Defendant's conduct and the dangerous nature

14    of the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering,

15    mental anguish, diminished enjoyment of life, past and future medical expenses and other

16    economic loss.

17                    **SECOND CAUSE OF ACTION**

18            **Strict Liability – Design and Manufacturing Defect**

19       73.     Plaintiffs reallege and incorporate the allegations made above as if fully set forth

20    below.

21       74.     At the time that the Product left the control of the Defendant, the Product was

22    dangerous and defective as a result of the Product's design, manufacture, alteration, or

23    modification. These defects included, but are not limited to, materials that are unsafe for human

24    skin contact, and/or materials not identified on the Product itself.

25       75.     At all relevant times, Defendant knew and intended that the Product would be

26    purchased, used, and operated by members of the general public who would rely on Defendant to

27    safely market and distribute the Product in a safe manner and to transmit any relevant warnings

28    about the Product.

76.    At all relevant times, Plaintiffs used the Product in a manner and fashion that was foreseeable by the Defendant and in a manner which the Product was intended to be used.

77.    Defendant knew or should have known the manufacture or design of the Product was defective, causing the Product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

78.    In addition, the risks inherent in the design of the Product outweigh any benefits of that design.

79.    As a direct and proximate result of Defendant's conduct and dangerous nature of the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering, mental anguish, diminished enjoyment of life, past and future medical expenses and other economic loss.

## THIRD CAUSE OF ACTION

### Breach of Express Warranty

80.    Plaintiffs reallege and incorporate the allegations made above as if fully set forth below.

81.    Defendant expressly warranted and represented to Plaintiffs, the general public, and each of them, that the Product was reasonably fit for the purpose for which it was intended.

82.    Plaintiffs reasonably relied on those warranties and representations. The Product did not conform to the representations made by Defendant and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Product caused the serious personal injuries to Plaintiffs as fully alleged above.

83.    As a direct and proximate result of Defendant's conduct and dangerous nature of the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering, mental anguish, diminished enjoyment of life, past and future medical expenses, and other economic loss.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty

84.    Plaintiffs reallege and incorporate all allegations made above as if fully set forth

1  below.

2       85.    At all relevant times herein, Defendant marketed, sold and distributed the Product

3  for use by the public at large, including Plaintiffs. Defendant knew the use for which their Product

4  was intended and represented or impliedly warranted the Product to be of merchantable quality,

5  and safe and fit for its intended uses.

6       86.    Defendant had a duty to exercise reasonable care in the research, development,

7  design, testing, inspection, labeling, distribution, marketing, promotion, sale and release of the

8  Product.

9       87.    Plaintiffs purchased and/or made a decision to use the Product, and reasonably

10  relied upon Defendant and its agents to disclose known defects, risks, dangers and side effects of

11  the Product.

12       88.    Plaintiffs had no knowledge of the falsity or incompleteness of Defendant's

13  statements and representations concerning the Product when Plaintiffs purchased the Product as

14  researched, developed, designed, tested, inspected, labeled, distributed, marketed, promoted, sold

15  and otherwise released into the stream of commerce.

16       89.    By the conduct alleged, Defendant impliedly warranted to Plaintiffs that the

17  Product was merchantable and fit for the purpose intended.

18       90.    Defendant breached this warranty by selling and distributing the Product in a

19  dangerous and defective condition and by failing to warn Plaintiffs and purchasers of the

20  Product's defect.

21       91.    As a direct and proximate result of Defendant's conduct and dangerous nature of

22  the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering,

23  mental anguish, diminished enjoyment of life, past and future medical expenses and other

24  economic loss.

25                    **FIFTH CAUSE OF ACTION**

26                      **Negligent Product Liability**

27       92.    Plaintiffs reallege and incorporate the allegations made above as if fully set forth

28  below.

93.     At all relevant times, Defendant was engaged in inspecting, vending, distributing, advertising, selling, and/or recommending the general public, including Plaintiffs, to use the Product.

94.     Defendant owed a duty of care to actual and potential customers and consumers with respect to the Product. This duty includes, but is not limited to; designing, manufacturing, distributing, selling, facilitating the sale of, and providing the Product in a fashion that was safe to consumers, packaging the Product safely so as to reasonably minimize the potential for injury, labeling the Product so as to reasonably warn consumers of the potential for danger, and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience or investigation to provide for the safety of consumers with respect to the Product.

95.     Defendant knew and/or should have known that if the Product was not properly and safely manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned, and labeled prior to sale or distribution to consumers, it would, if used by any member of the general public, including Plaintiffs, be a substantial factor in causing serious and permanent injury or death.

96.     Defendant negligently and carelessly maintained, inspected, delivered, designed, molded, labeled, warned, tested, and sold the Product so that it was in a dangerous and defective condition and unsafe for the use and purposes for which it was intended.

97.     The condition of the Product was known to Defendant or should have been discovered by them through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the Product, including, but not limited to, Plaintiffs.

98.     At all times mentioned herein, purchasers or users, of the Product, including Plaintiffs, had no knowledge of the defective condition of the Product or of any danger in the use of the Product.

99.     In doing the acts alleged in this complaint, Defendant violated statutes, rules, standards, regulations, or guidelines applicable to their conduct, including laws and regulations

relating to the manufacture, distribution, and sale of the Product.

100.    The injuries and damages to Plaintiffs described more fully above were a direct and legal result of the violations of the statutes, rules, regulations, standards, and guidelines by Defendant.

101.    The statutes, regulations, standards, and guidelines violated by Defendant were drafted, written, and designed to prevent the type of incidents and injuries that Plaintiffs have suffered and continues to suffer, and Plaintiffs are among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

102.    As a direct and proximate result of Defendant's conduct and the dangerous nature of the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering, mental anguish, diminished enjoyment of life, past and future medical expenses and other economic loss.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

103.    Plaintiffs reallege and incorporate the allegations made above as if fully set forth below.

104.    As more fully alleged above and incorporated herein by reference, Defendant represented the Product as one of the top products in Women's Shapewear on Amazon.com but failed to disclose that the Product actually failed to provide its advertised benefits. Instead, the Product caused injury to Plaintiffs. Defendant had a duty to disclose this information.

105.    At the time Defendant made these misrepresentations, Defendant knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity.

106.    At an absolute minimum, Defendant negligently misrepresented or negligently omitted material facts concerning the Product.

107.    The negligent misrepresentation and omissions made by Defendant, upon which Plaintiffs reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs to purchase the Product.

1    108.    Plaintiffs would not have bought the Product if they had known the true facts.

2    109.    As a direct and proximate result of Defendant's conduct and dangerous nature of

3    the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering,

4    mental anguish, diminished enjoyment of life, past and future medical expenses and other

5    economic loss.

6                            **SEVENTH CAUSE OF ACTION**

7                                 **Common Law Fraud**

8    110.    Plaintiffs reallege and incorporate the allegations made above as if fully set forth

9    below.

10    111.    As more fully alleged above and incorporated herein by reference, at all relevant

11    times herein, Defendant had the duty and obligation to truthfully represent facts concerning the

12    Product to Plaintiffs.

13    112.    As more fully alleged above and incorporated herein by reference, Defendant owed

14    a duty to warn because it was in possession of information about the potential risks and substantial

15    danger to Plaintiffs and other users of the Product.

16    113.    Defendant provided Plaintiffs with false or misleading material information and

17    failed to disclose the material facts about the Product, including, but not limited to, the fact that

18    the Product did not confer its advertised benefits. These misrepresentations and omissions were

19    made with knowledge of their falsehood.

20    114.    The misrepresentations and omissions made by Defendant, upon which Plaintiffs

21    reasonably and justifiably relied on, were intended to induce and actually induced Plaintiffs to

22    purchase the Product.

23    115.    As a direct and proximate result of Defendant's conduct and dangerous nature of

24    the Product, Plaintiffs have suffered and continue to suffer serious injury, pain and suffering,

25    mental anguish, diminished enjoyment of life, past and future medical expenses and other

26    economic loss.

27

28

**EIGHTH CAUSE OF ACTION**

**Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.)**

116.    Plaintiffs reallege and incorporate the allegations made above as if fully set forth below.

117.    Plaintiffs assert this Eighth Cause of Action on behalf of themselves and all other similarly situated persons in California (proposed class is defined below) that purchased the Product from Defendant without being told the risk of personal injury inherent in its use.

118.    By engaging in the above-described conduct, Defendant, and each of them, acted in a manner that is unlawful, unfair, and fraudulent, and have thus engaged in unfair business practices to the extreme detriment of Plaintiffs, which conduct is prohibited under California Business & Professions Code sections 17200, et seq.

119.    Defendant's conduct has caused Plaintiffs and all other similarly situated persons in California (proposed class is defined below) to suffer harm, including through the payment of monies, including but not limited to retail prices charged in connection with Plaintiffs' use of the Product. Plaintiffs and all other similarly situated persons in California (proposed class is defined below) would not have purchased the Product from Defendant, or would have paid less for the Product, had they known the Product poses risks of personal injury inherent in its use.

120.    Plaintiffs and all other similarly situated persons in California (proposed class is defined below) are thus entitled to restitutionary and injunctive relief, including, without limitation, disgorgement of any unlawful gains that Defendant has obtained as a result of their unlawful, unfair, and fraudulent conduct.

**CLASS ACTION ALLEGATIONS**

**(Eighth Cause of Action Only)**

121.    Based on the facts and circumstances alleged herein, Plaintiffs bring the Eighth Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq., as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, on behalf of themselves and on behalf of all others similarly situated, and as a member of the Class defined as follows: ("the Class" or "Class Members")

1            a.     Class: During the fullest period allowed by law, all citizens of the

2                  State of California who purchased the Product from Defendant

3                  while residing in California.

4    122.   Excluded from the Class are assigned judges and members of their families within

5 the first degree of consanguinity, Defendants, and their subsidiaries, affiliates, officers, and

6 directors.

7    123.   The Class Action meets the statutory prerequisites for the maintenance of a Class

8 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

9            a.     The persons who comprise the Class are so numerous that the joinder of all

10                such persons is impracticable and the disposition of their claims as a class

11                will benefit the parties and the Court. While Plaintiffs are informed and

12                believe that there are thousands of consumers who have purchased the

13                Product and suffered injury after using the Product in California, who

14                would be members of the Class, the precise number of Class Members are

15                unknown to Plaintiff but may be ascertained from objective evidence which

16                Defendant possesses.

17            b.     There is a well-defined community of interest in that nearly all factual,

18                legal, statutory, declaratory, and injunctive relief issues that are raised in the

19                Eighth Cause of Action are common to the Class will apply uniformly to

20                every Class Member.

21            c.     The claims of the representative Plaintiffs are typical of the claims of the

22                Class Members, as all Class Members were and are similarly or identically

23                harmed and their claims arise from the same unlawful, deceptive, and unfair

24                misconduct engaged in by Defendant. Each Class Member paid for the

25                Product directly or indirectly without being told of the risk of serious and

26                potentially irreversible injury inherent in its use and sustained damages

27                from Defendant's wrongful conduct.

28            d.     The representative Plaintiffs will fairly and adequately represent and protect

the interest of the Class and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiffs and the Class Members that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class Members.

e.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

124.  In addition to meeting the statutory prerequisites of a Class Action, this cause of action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

a.  Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual Class Members will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for the parties opposing the Class; and/or

2)  Adjudication with respect to individual Class Members which would, as a practical matter, be dispositive of interests of the other members that are not parties to the adjudication or substantially impair or impede their ability to protect their interests.

b.  Common questions of law and fact exist as to the Class Members with respect to the practices and violations of California law by Defendant, and predominate over any question affecting only individual Class Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the Class Members in individually controlling the

24

prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual Class Members when compared to the substantial expense and burden of individual prosecution of this litigation; and

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for the Defendant; and/or

B. Adjudications with respect to individual Class Members would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and other members of the proposed Class herein, seeks judgment and relief as follows:

a. Awarding compensatory damages, including, but not limited to, lost earnings in the past; loss of earning capacity in the future; medical expenses incurred in the past; medical expenses to be incurred in the future; other economic damages; serious injury; pain and suffering; disability; physical impairment; disfigurement; mental anguish; inconvenience; aggravation of a disease or physical defect; loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future; and other non-economic damages;

b. Awarding punitive damages;

c. Awarding restitutionary disgorgement in favor of Plaintiffs and all other similarly situated persons in California;

d.     Awarding the costs and expenses of this litigation to Plaintiffs;

e.     Awarding reasonable attorneys' fees and costs to Plaintiffs as provided by law;

f.     Awarding pre-judgment and post-judgment interest to Plaintiffs; and

g.     For such further relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED:  June 24, 2024

**SINGLETON SCHREIBER, LLP**

By: _____

CHRISTOPHER R. RODRIGUEZ
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT