1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  Jacob L. Speckhard, Bar No. 325030
   JSpeckhard@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Ste 300
4  San Diego, California 92130-2080
   Telephone: +1.858.720.5700
5  Facsimile:  +1.858.720.5799

6  Mallory Gitt Webster, *pro hac vice*
   MWebster@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, Washington 98101-3099
   Telephone: +1.206.359.8000
9  Facsimile:  +1.206.359.9000

10 Attorneys for Defendant Amazon.com, Inc. and
   Amazon.com Services LLC (erroneously named as Amazon.com LLC)

11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14

15 ISABELLA VALLES; EBONY WARE;          Case No. 3:24-cv-06233-VC
   DANIELA URIBE; JINAH CHUNG; CASEY
16 MILES; KRYSTAL LARREA; JACQUELYN      **AMAZON'S NOTICE OF MOTION AND**
   PEREZ; MARBLEANE BOND; RUBY           **MOTION TO DISMISS PLAINTIFFS'**
17 HORTA; EMILY PARKER; BRANDI           **COMPLAINT**
   NEVEL; XIOMARA CARLOS; DINA ALI;
18 JENISEA HARO; RAYNA CARR; SONIA       *Filed Concurrently with Notice of*
   DUARTE; KAREN WILLIAMS; MONICA        *Incorporation by Reference and/or Request for*
19 STEVENS; JULIANA IBANEZ TRUJILLO;     *Judicial Notice, Declaration of Jacob L.*
   KAYLEE MICHELLE; ARIELA               *Speckhard*
20 PETRUESCU; HIENNESSEYY LE;
   AMANDA SEDA; ARIELLE WHITE; and       Date:      January 9, 2025
21 ALINAA LOPEZ, on behalf of themselves  Time:      10:00 a.m.
   and all others similarly situated,    Location: San Francisco Courthouse
22                                                  Courtroom 4 – 17th Floor
                                          Judge:     Hon. Vince Chhabria
23            Plaintiffs,

24        v.                             Complaint Filed: June 24, 2024
                                         Removal Date: September 4, 2024
25 AMAZON.COM, INC., a Delaware
   corporation; AMAZON.COM LLC, a
26 Delaware corporation; and DOES 1 through
   100, inclusive,
27

28            Defendants.

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on January 9, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, of the United States Courthouse, located at United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' causes of action for strict product liability, breach of express warranty, negligent product liability, negligent misrepresentation, fraud, and violation of the California Unfair Competition Law (Counts 1–3, 5–8). Those claims fail because the Complaint does not include well-pleaded facts sufficient to support them.

By filing this partial motion to dismiss, Amazon's deadline to respond to the Complaint is extended, and Amazon does not waive its right to assert any affirmative defenses to claims asserted by Plaintiffs that are not addressed in this Motion. *See Austin v. Internal Revenue Serv.*, 2022 WL 3579888, at *2 (N.D. Cal. Aug. 19, 2022) ("The filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.") (cleaned up); *Reddy v. Nuance Commc'ns, Inc.*, 2012 WL 12818726, at *1 (N.D. Cal. Mar. 26, 2012) ("By filing even a partial Rule 12(b) motion, [the defendant's] time to answer or otherwise respond to the complaint is extended.").

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the accompanying Notice of Incorporation by Reference and/or Request for Judicial Notice, the Declaration of Jacob L. Speckhard and attached exhibit, any reply papers that may be submitted and on the arguments of counsel at any hearing that may be held, all of the pleadings, files, and records in this proceeding, and any such evidence as may later be submitted.

1    Dated:  October 11, 2024                              **PERKINS COIE LLP**

2

3                                                 By:  */s/ Julie L. Hussey*
                                                      Julie L. Hussey
4                                                     Jacob L. Speckhard
                                                      Mallory Gitt Webster (*pro hac vice*)
5
                                                 Attorneys for Defendant Amazon.com, Inc. and
6                                                 Amazon.com Services LLC (erroneously named
                                                 as Amazon.com LLC)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................... 1

        A.      The named Plaintiffs assert personal injury claims related to their alleged
                use of YIANNA waist trainer products ..................................................... 1

        B.      Plaintiffs also assert a claim under the UCL. .......................................... 2

III.    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) .................................... 3

IV.     LEGAL STANDARD ............................................................................................ 3

V.      ARGUMENT ...................................................................................................... 3

        A.      Plaintiffs' strict product liability claims for failure to warn, manufacturing
                defect, and design defect all fail because Plaintiffs do not allege facts to
                support them. ........................................................................................... 3

        B.      Plaintiffs' negligent product liability claim fails because the alleged defect
                is not attributable to any negligence by Amazon. .................................. 6

        C.      Plaintiffs do not identify any express warranty by Amazon. .................. 7

        D.      Plaintiffs' fraud and negligent misrepresentation claims fail because
                Plaintiffs do not plead sufficient facts, let alone with the particularity
                required by Rule 9(b). ............................................................................. 8

        E.      Plaintiffs' UCL claim fails under all prongs. .......................................... 12

VI.     CONCLUSION .................................................................................................. 15

1

# TABLE OF AUTHORITIES

2

Page(s)

3

CASES

4

*Altman v. HO Sports Co.*,
5
    2009 WL 4163512 (E.D. Cal. Nov. 23, 2009) ........................................................................3

6

*Amans v. Tesla, Inc.*,
7
    2022 WL 2952474 (N.D. Cal. July 26, 2022) (Chhabria, J.) .............................................15

*Ashcroft v. Iqbal*,
8
    556 U.S. 662 (2009) ..............................................................................................................3

9

*Baba v. Hewlett–Packard Co.*,
10
    2010 WL 2486353 (N.D. Cal. June 16, 2010) ...................................................................14

11

*Baker v. Bayer Healthcare Pharms., Inc.*,
    2013 WL 6698653 (N.D. Cal. Dec. 19, 2013) .....................................................................5
12

*Broge v. ALN Int'l, Inc.*,
13
    2018 WL 6308194 (N.D. Cal. Dec. 3, 2018) ...............................................................11, 12

14

*Brown v. Madison Reed, Inc.*,
15
    622 F. Supp. 3d 786 (N.D. Cal. 2022) ..........................................................................10, 13

16

*Christiansen v. Kimberly-Clark Corp.*,
    2024 WL 1182864 (N.D. Cal. Mar. 19, 2024) .................................................................6, 7
17

*Doe v. CVS Pharm., Inc.*,
18
    982 F.3d 1204 (9th Cir. 2020) ...............................................................................12, 14, 15

19

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..............................................................................................13
20

*Eidmann v. Walgreen Co.*,
21
    522 F. Supp. 3d 634 (N.D. Cal. 2021) ...............................................................................15

22

*Ferrari v. Nat. Partner, Inc.*,
23
    2017 WL 76905 (N.D. Cal. Jan. 9, 2017) ...........................................................................6

24

*Ferrari v. Nat. Partners, Inc.*,
    2016 WL 4440242 (N.D. Cal. Aug. 23, 2016) .....................................................................7
25

*Glen Holly Ent., Inc. v. Tektronix Inc.*,
26
    343 F.3d 1000 (9th Cir. 2003) ............................................................................................13

27

*Hadley v. Kellogg Sales Co.*,
28
    273 F. Supp. 3d 1052 (N.D. Cal. 2017) ...............................................................................7

*Hannan v. Boston Sci. Corp.*,
    2020 WL 2128841 (N.D. Cal. May 5, 2020) ................................................................5

*Hartless v. Clorox Co.*,
    2007 WL 3245260 (S.D. Cal. Nov. 2, 2007) ............................................................14

*In re Google Assistant Privacy Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) ....................................................................12

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    2019 WL 4581340 (N.D. Cal. Sept. 20, 2019) ........................................................11

*Jordan v. STEMCO Prods., Inc.*,
    2019 WL 3457809 (N.D. Cal. July 31, 2019) ............................................................7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .........................................................................8, 11

*Kumandan v. Google LLC*,
    2022 WL 103551 (N.D. Cal. Jan. 11, 2022) ..............................................................8

*Lantz Ret. Invs., LLC v. Glover*,
    2023 WL 3533892 (9th Cir. May 18, 2023) ..............................................................8

*Lee v. Kitchables Prods.*,
    2021 WL 3173253 (N.D. Cal. July 27, 2021) ..................................................8, 9, 11

*Lemberg v. JPMorgan Chase Bank, N.A.*,
    2018 WL 1046886 (N.D. Cal. Feb. 26, 2018) ............................................................6

*Lucas v. City of Visalia*,
    726 F. Supp. 2d 1149 (E.D. Cal. 2010) ....................................................................5

*McCabe v. Am. Honda Motor Co.*,
    100 Cal. App. 4th 1111 (2002) ...............................................................................5

*Moss v. Infinity Ins. Co.*,
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) ..................................................................12

*Nat'l Specialty Pharm., LLC v. Padhye*,
    2024 WL 2206336 (N.D. Cal. May 16, 2024) ........................................................13

*Nichols v. Covidien LP*,
    2021 WL 764134 (N.D. Cal. Feb. 26, 2021) ............................................................4

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) ...............................................................................10

*Patton v. Forest Lab'ys, LLC*,
   2018 WL 5270476 (C.D. Cal. May 10, 2018), *aff'd sub nom.* 793 F. App'x 608
   (9th Cir. 2020) ..................................................................................................4

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
   223 Cal. App. 4th 1105 (2014) ........................................................................14

*Rakofsky v. Mercedes-Benz USA, LLC*,
   2024 WL 1329923 (N.D. Cal. Mar. 27, 2024) .................................................12

*Regents of Univ. of Cal. v. Principal Fin. Grp.*,
   412 F. Supp. 2d 1037 (N.D. Cal. 2006) ..........................................................11

*Smith v. LG Elecs. U.S.A., Inc.*,
   2014 WL 989742 (N.D. Cal. Mar. 11, 2014) .....................................................7

*Smith v. Pride Mobility Prod. Corp.*,
   2016 WL 6393549 (N.D. Cal. Oct. 28, 2016) ...................................................5

*Snyder v. Does 1 Through 50*,
   2021 WL 4170766 (N.D. Cal. Sept. 14, 2021) ...............................................3, 4

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..........................................................................3, 9

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ..........................................................14

*Taragan v. Nissan N. Am., Inc.*,
   2013 WL 3157918 (N.D. Cal. June 20, 2013) ...................................................9

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal. App. 4th 153 (1991) ..............................................................................10

*Trabakoolas v. Watts Water Techs., Inc.*,
   2012 WL 2792441 (N.D. Cal. July 9, 2012) .....................................................5

*Wendell v. Johnson & Johnson*,
   2010 WL 271423 (N.D. Cal. Jan. 20, 2010) ..................................................4, 8

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...........................................................................8

*Yamauchi v. Cotterman*,
   84 F. Supp. 3d 993 (N.D. Cal. 2015) ..............................................................11

*Zanelli v. Medtronic, Inc.*,
   2024 WL 3467792 (C.D. Cal. July 10, 2024) ...................................................8

*Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.*,
    802 F. Supp. 2d 1078 (N.D. Cal. 2011), *rev'd on other grounds by* 517
    F.App'x 589 (9th Cir. 2013) ........................................................................12

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ......................................................................3

**RULES**

Fed. R. Civ. P. 8(a)(2) ...................................................................................12

Fed. R. Civ. P. 9 ..............................................................................................8

Fed. R. Civ. P. 9(b) ....................................................................................8, 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................3

## I.    INTRODUCTION

The 25 named Plaintiffs claim that they purchased different YIANNA waist trainer products on Amazon.com and experienced adverse skin reactions after use. Even though they acknowledge that YIANNA warns its waist trainers include latex and "may cause allergic reactions," Plaintiffs assert product liability claims against Amazon under various theories, including strict liability, negligence, breach of warranty, negligent misrepresentation, and fraud. They also assert a claim under the UCL on behalf of a putative class of consumers who purchased YIANNA waist trainers. Plaintiffs' Complaint, however, lacks factual allegations to support nearly every one of their claims.

Plaintiffs' strict product liability claims fail because the Complaint does not allege how the products were defective in their design or manufacture or how the warnings were inadequate and caused Plaintiffs' alleged injuries. Their negligent product liability claim fails because Plaintiffs do not (and cannot) allege that the products' alleged defect was caused by *Amazon's* negligence. Their breach of express warranty claim fails because they do not identify any express warranty by Amazon regarding YIANNA waist trainers. And Plaintiffs' fraud and negligent misrepresentation claims fail because they do not plausibly allege that Amazon had a duty to disclose anything or made any actionable misrepresentations or plead these claims with the required particularity.

Finally, Plaintiffs do not allege a viable UCL claim under any of the statute's three prongs. Their claim under the fraudulent prong fails for the same reasons their common-law fraud claim fails. And Plaintiffs do not identify any legal violation that could support liability under the unlawful prong or any egregious conduct that could support liability under the unfair prong.

## II.    FACTUAL BACKGROUND

### A.    The named Plaintiffs assert personal injury claims related to their alleged use of YIANNA waist trainer products.

YIANNA waist trainers are shapewear products sold on various platforms, including YIANNA's own website and Amazon.com. Plaintiffs claim they purchased the waist trainers on Amazon and experienced adverse skin reactions because the products allegedly include "materials that are unsafe for human skin contact." *See* ECF No. 1-1 ("Compl.") ¶¶ 12–36, 74.

Notably, the Complaint does not include any information about Plaintiffs' alleged purchases, including dates of purchase, order information, or even the YIANNA products allegedly purchased. Instead, Plaintiffs identify five YIANNA products without alleging that any specific Plaintiff bought or used any of those products. *Id.* ¶ 1 n.1. They otherwise reference an Amazon.com webpage for a YIANNA "Waist Trainer for Women Latex Underbust Waist Cincher Corset Sport Girdle Hourglass Body Shaper." *See id.* ¶¶ 2 n. 2, 3, 7.[1]

The webpage for that product shows it has over 100,000 global ratings and 15,000 customer reviews, with most raters giving the product 5 stars. *See* Notice of Incorporation by Reference and/or Request for Judicial Notice ("NIR/RJN"); Speckhard Decl., ¶ 3, Ex. 1, at 17. Prospective buyers can read the reviews, search for specific keywords within the reviews, and filter the reviews, including by star rating or whether the review is positive or critical of the product. *Id.*



**B.   Plaintiffs also assert a claim under the UCL.**

Plaintiffs also assert a UCL claim on behalf of a putative class of consumers who allegedly "purchased" YIANNA products "without being told the risk of personal injury." Compl. ¶ 117. They contend they "would not have purchased" the products or "would have paid less" for them had they known about that alleged "risk[]." *Id.* ¶ 119. They otherwise identify several statements

---

[1] A link to the product page is here: https://www.amazon.com/dp/B00V2WNA9I?th=1&psc=1. Because Plaintiffs reference the Amazon.com webpage extensively and because the information contained on the webpage (or alleged lack thereof) forms the basis of certain claims asserted by Plaintiffs (*e.g.*, failure to warn, fraud, and negligent misrepresentation), the webpage is incorporated by reference and properly considered on a motion to dismiss. *See* NIR/RJN.

from the webpage referenced above, *id.* ¶ 3, and assert that they "relied on" those statements "when purchasing" a YIANNA product "to assist with their beauty and health regimen," *id.* ¶ 4.

### III.    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))

A.    Whether Plaintiffs have stated a strict product liability claim.

B.    Whether Plaintiffs have stated a negligent product liability claim.

C.    Whether Plaintiffs have stated an express warranty claim.

D.    Whether Plaintiffs have stated a common law fraud claim.

E.    Whether Plaintiffs have stated a negligent misrepresentation claim.

F.    Whether Plaintiffs have stated a UCL claim. Cal. Bus. & Prof. Code § 17200.

### IV.    LEGAL STANDARD

On a Rule 12(b)(6) motion, the Court assumes the truth of the well-pleaded factual allegations and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although *factual* allegations are accepted as true, the Court need not accept "allegations that contradict matters properly subject to judicial notice" or "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice. *Iqbal*, 556 U.S. at 678.

### V.    ARGUMENT

**A.    Plaintiffs' strict product liability claims for failure to warn, manufacturing defect, and design defect all fail because Plaintiffs do not allege facts to support them.**

Plaintiffs attempt to state claims for strict product liability under failure to warn, design defect, and manufacturing defect theories. Compl. ¶¶ 67–79. But they do not allege facts sufficient to support those claims, and the Court should dismiss them.

***Failure to warn***. "To state a plausible claim for failure to warn, a complaint should at least identify which danger was not warned against, that the danger was substantial, that the danger was not readily recognizable to an ordinary consumer, that the manufacturer knew or should have reasonably known of the danger, and causation." *Altman v. HO Sports Co.*, 2009 WL 4163512, at

1   *9 (E.D. Cal. Nov. 23, 2009). The complaint "must" also "explain how the [] warning is

2   inadequate." *Snyder v. Does 1 Through 50*, 2021 WL 4170766, at *5 (N.D. Cal. Sept. 14, 2021).

3       Plaintiffs assert that Amazon "failed to warn … that [the YIANNA products] could cause

4   consumers to suffer rashes, burns, bruises, blisters, scars and/or other skin irritations." Compl. ¶ 51;

5   *see also* ¶¶ 54, 70. But they contradict that assertion by quoting the product packaging that

6   specifically warns about potential adverse skin reactions: "**Warning: Part of the product is made

7   of latex rubber, which may cause allergic reactions. If you are allergic to latex or if you are

8   not sure about this, please consult your doctor for instructions before usage**." *Id*. ¶ 49

9   (emphasis added). The webpage that the Complaint cites includes a similar warning in multiple

10  places. *See* NIR/RJN; Speckhard Decl., ¶ 3, Ex. 1, at 1.

17      The Complaint does not allege, however, how these warnings might be inadequate or how

18  the purportedly inadequate warning caused Plaintiffs' alleged injuries. Because the Complaint

19  "fails to explain how or why the warning on" the YIANNA product packaging and webpage was

20  "not proper or what a proper warning might look like, the [Complaint] does not include sufficient

21  factual enhancement to cross the line between possibility and plausibility." *Patton v. Forest Lab'ys,

22  LLC*, 2018 WL 5270476, at *15 (C.D. Cal. May 10, 2018), *aff'd sub nom.* 793 F. App'x 608 (9th

23  Cir. 2020) (cleaned up). Plaintiffs' claim for strict liability failure to warn must therefore be

24  dismissed. *See Wendell v. Johnson & Johnson*, 2010 WL 271423, at *4 (N.D. Cal. Jan. 20, 2010)

25  (dismissing where "Plaintiffs fail[ed] to allege how [defendant's] warnings about [the product]

26  were inadequate"); *Snyder*, 2021 WL 4170766, at *5 (same where no "factual contentions regarding

27  … what warnings were not given or how the failure to warn caused [the] injuries.").

***Manufacturing defect***. "A manufacturing defect exists where the product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Nichols v. Covidien LP*, 2021 WL 764134, at *4 (N.D. Cal. Feb. 26, 2021) (cleaned up). "[A] plaintiff must identify/explain how the [product] either deviated from [the] intended result/design or how the [product] deviated from other seemingly identical [product] models." *Trabakoolas v. Watts Water Techs., Inc.*, 2012 WL 2792441, at *4 (N.D. Cal. July 9, 2012) (cleaned up). "A bare allegation that the [product] had a manufacturing defect is an insufficient legal conclusion.'" *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (cleaned up).

Plaintiffs contend that the YIANNA products were defective because they included "materials that are unsafe for human skin contact, and/or materials not identified on the Product itself." Compl. ¶ 74. They do not identify, however, the allegedly unsafe material or whether the 25 named Plaintiffs (who apparently purchased different products) encountered the same material. Nor do they allege that the purported defect had anything to do with the manufacturing process, how the YIANNA products they purchased may have deviated from the intended design, or how the products might have deviated from other seemingly identical models. *See id*. Accordingly, Plaintiffs' manufacturing defect claim fails. *See Baker v. Bayer Healthcare Pharms., Inc.*, 2013 WL 6698653, at *4 (N.D. Cal. Dec. 19, 2013) (dismissing manufacturing defect claim no alleged "facts that identify or explain how [the product] either deviated from [the] intended result or design or how [the product] deviated from other seemingly identical [product] models"); *Hannan v. Boston Sci. Corp.*, 2020 WL 2128841, at *5 (N.D. Cal. May 5, 2020) (same).

***Design defect***. "A design defect . . . exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002). There are two tests to establish a design defect:

- <u>Consumer expectations</u>. "[A] product['s] design is defective under the consumer expectations test if the product has failed to perform as safely as ordinary consumers would expect when used in an intended or reasonably foreseeable manner." *Smith v. Pride Mobility Prod. Corp.*, 2016 WL 6393549, at *9 (N.D. Cal. Oct. 28, 2016) (cleaned up).

- <u>Risk-benefit</u>. "[A] products design is defective under the risk-benefit test if the product's design embodies excessive preventable danger, that is, the risk of danger inherent in the design outweighs the benefits of such design." *Id*.

A plaintiff must "identify which design defect theory is being utilized" ***and*** "allege facts to support the [identified] test." *Id*. (cleaned up).

Here, the Complaint does not allege that the YIANNA products are inherently defective in design, let alone that they all have the same design or that the unidentified "unsafe" material was an intentional part of the products' designs. That alone warrants dismissal because the Court cannot determine whether "the [alleged defect] in the [products] was an intentional part of the design or was unintentional." *Christiansen v. Kimberly-Clark Corp.*, 2024 WL 1182864, at *4 (N.D. Cal. Mar. 19, 2024) (cleaned up); *see also Ferrari v. Nat. Partner, Inc.*, 2017 WL 76905, at *5 (N.D. Cal. Jan. 9, 2017) (holding that where complaint "lacks the essential allegation that the [product] design . . . itself is inherently defective," plaintiff "failed to adequately state a claim for design defect").

Plaintiffs also have not "alleged any facts to support [their] theory of design defect." *Ferrari*, 2017 WL 76905, at *6. Instead, the Complaint just parrots the language of both tests:

- Defendant knew or should have known the manufacture or design of the Product was defective, causing the Product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. Compl. ¶ 77.

- In addition, the risks inherent in the design of the Product outweigh any benefits of that design. *Id*. ¶ 78.

That Plaintiffs have not "pled facts to support [their] theory"—and instead make bare-bones assertions—"is yet another basis for dismissing [their] design defect claims." *Ferrari*, 2017 WL 76905, at *6; *see also Christiansen*, 2024 WL 1182864, at *4 (dismissing design defect claim, in part, for failure to "identify either of these two tests or plead facts to support" them).

**B.    Plaintiffs' negligent product liability claim fails because the alleged defect is not attributable to any negligence by Amazon.**

To state a negligent product liability claim, Plaintiffs must allege, among other things, facts showing "that the defect in the product was due to negligence of the defendant." *Lemberg v. JPMorgan Chase Bank, N.A.*, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018) (cleaned up). In other words, Plaintiffs must allege a *specific* defect that was caused by *Amazon's* negligence.

The alleged defect here is that YIANNA waist trainer products include "materials that are unsafe for human skin contact." Compl. ¶ 74. Notably, though, Plaintiffs do not allege that *Amazon*

played any role in the design or manufacture of these products or that the alleged defect was caused by *Amazon's* negligence. Plaintiffs simply assert that Amazon promoted, advertised, marketed, distributed, and/or sold YIANNA products. *See*, *e.g.*, Compl. ¶¶ 1, 42–45. Even accepting those allegations as true, Amazon's purported actions have nothing to do with design, manufacture, materials selection, or chemical composition of the products. Nor do the allegations show that Amazon was negligent or that any purported negligence is why the products contained allegedly unsafe materials. This claim must therefore be dismissed. *See Christiansen*, 2024 WL 1182864, at *3 (dismissing claim where plaintiff failed to allege that "the defect in the [product] was caused by either Defendants' negligence"); *Jordan v. STEMCO Prods., Inc.*, 2019 WL 3457809, at *3 (N.D. Cal. July 31, 2019) (same).

## C.    Plaintiffs do not identify any express warranty by Amazon.

For this claim, "a plaintiff must plead (1) the exact terms of the warranty; (2) plaintiff's reasonable reliance; and (3) breach of that warranty; (4) which proximately caused plaintiff's injury." *Christiansen*, 2024 WL 1182864, at *2. "To satisfy the first element, the plaintiff must identify a specific and unequivocal written statement about the product that constitutes an explicit guarantee." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017) (cleaned up). "Vague statements regarding reliability, dependability, and safety are not actionable express warranties." *Smith v. LG Elecs. U.S.A., Inc.*, 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014).

Plaintiffs do not identify any specific and unequivocal statements by Amazon that constitute an explicit guarantee about YIANNA products. Likewise, Plaintiffs do not allege how any purported breach of an express warranty caused their asserted injuries. At most, they allege that the product packaging for some unidentified YIANNA product had the phrase "High Quality" on it. Compl. ¶ 48. But even if that statement were attributable to Amazon (it's not), it is only a "[v]ague statement[]" about quality—"not [an] express warrant[y]." *Smith*, 2014 WL 989742, at *5.

Plaintiffs otherwise allege that Amazon warranted "the Product was reasonably fit for the purpose for which it was intended" and that YIANNA products "did not conform to [Amazon's] representations[.]" Compl. ¶¶ 81–82. Of course, those allegations only recite certain elements of the express warranty cause of action. That's not enough to state a claim. *See*, *e.g.*, *Ferrari v. Nat.*

1    *Partners, Inc.*, 2016 WL 4440242, at *10 (N.D. Cal. Aug. 23, 2016) (dismissing express warranty

2    claim based on allegation that product "was effective, proper and safe for its intended use and

3    consumption"); *Zanelli v. Medtronic, Inc.,* 2024 WL 3467792, at *5 (C.D. Cal. July 10, 2024)

4    (same).

5    **D.    Plaintiffs' fraud and negligent misrepresentation claims fail because Plaintiffs do not
           plead sufficient facts, let alone with the particularity required by Rule 9(b).**

6

7         Plaintiffs' claims for common law fraud and negligent misrepresentation fail because they

8    are not pleaded with particularity, as required by Federal Rule of Civil Procedure 9(b). *See Lee v.*

9    *Kitchables Prods.*, 2021 WL 3173253, at *1 (N.D. Cal. July 27, 2021) (applying Rule 9(b) to an

10   action removed from state court). To satisfy Rule 9(b), a complaint must identify "the

11   circumstances constituting the alleged fraud" with a description "specific enough to give defendants

12   notice of the particular misconduct . . . so that they can defend against the charge and not just deny

13   that they have done anything wrong." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir.

14   2009). Negligent misrepresentation is a species of fraud and likewise must satisfy Rule 9(b). *See*

15   *Lantz Ret. Invs., LLC v. Glover*, 2023 WL 3533892, at *1 (9th Cir. May 18, 2023) ("Plaintiffs bring

16   several fraud-based claims subject to Rule 9 . . . [including] negligent misrepresentation").

17        *__Fraud__*. Plaintiffs' fraud claim appears to be based on an alleged concealment of facts and

18   purported misrepresentations, as they allege Amazon "provided Plaintiffs with false or misleading

19   material information and failed to disclose the material facts about the Product." Compl. ¶ 113.

20   Their claim fails under either theory.

21        "[T]o establish fraud through non-disclosure or concealment of facts, it is necessary to show

22   that the defendant was under a legal duty to disclose them." *Wendell*, 2010 WL 271423, at *3

23   (cleaned up). "California courts have generally rejected a broad obligation to disclose[.]" *Wilson v.*

24   *Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). There are only four circumstances—

25   known as the *LiMandri* factors—in which a duty to disclose arises under California law: "(1) when

26   the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of

27   material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively

28   conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations

that are misleading because some other material fact has not been disclosed." *Kumandan v. Google LLC*, 2022 WL 103551, at \*8 (N.D. Cal. Jan. 11, 2022).

Plaintiffs do not allege that the first, second, or fourth *LiMandri* factors apply. Instead, they appear to allege only active concealment. *See* Compl. ¶ 60 ("Defendant actively concealed the true character, quality, and nature of the Product."), ¶ 66 ("As a result of Defendant's active concealment of the Product's defect."). So to survive dismissal, Plaintiffs "must assert affirmative acts of concealment" showing that Amazon "sought to suppress information in the public domain or obscure the consumers' ability to discover it." *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at \*7 (N.D. Cal. June 20, 2013) (cleaned up).

Plaintiffs' only allegations that even hint at affirmative concealment fall short. They assert that Amazon "deliberately chose[] to suppress any negative [customer] reviews" about adverse skin reactions. Compl. ¶ 7. But the Amazon.com webpage for the YIANNA "Waist Trainer for Women Latex Underbust Waist Cincher Corset Sport Girdle Hourglass Body Shaper" confirms the allegation is false. *See Sprewell*, 266 F.3d at 988 (the Court need not accept "allegations that contradict matters properly subject to judicial notice or by exhibit"). A keyword search for the word "rash" in the product's customer reviews on that webpage returns 156 reviews (less than 1% of the more than 15,000 total reviews) that mention the word "rash."



These reviews are publicly available. They are not concealed, and Plaintiffs cannot credibly claim that Amazon suppressed a consumer's ability to find out that the product can result in adverse skin reactions. Plaintiffs also acknowledge that the product packaging warns of skin irritations (as does the webpage). Compl., ¶ 49; NIR/RJN; Speckhard Decl., ¶ 3, Ex. A, at 1. Because Plaintiffs have "fail[ed] to allege with the requisite specificity how [Amazon] sought to suppress information

1    in the public domain or obscure consumers' ability to discover information," their fraudulent

2    concealment claim fails. *Taragan*, 2013 WL 3157918, at *7 (cleaned up); *see also Lee*, 2021 WL

3    3173253, at *2 (dismissing claim where plaintiff failed to explain how Amazon acted to conceal

4    the alleged defect).

5         For similar reasons, Plaintiffs fail to sufficiently plead that the statute of limitations should

6    be tolled because of "active"—that is, fraudulent—concealment. Compl. ¶¶ 59–66. At the outset,

7    they do not allege when their asserted claims (or the claims of putative class members) may have

8    accrued, so it is not clear which claims may fall outside the applicable statutes of limitations. *See*

9    *id.* ¶¶ 59–66. Nor, as explained above, do Plaintiffs sufficiently allege that Amazon concealed any

10   information about the YIANNA products.

11        Moreover, tolling the statute of limitations because of concealment requires a plaintiff to

12   plead "(1) when the alleged discovery of the violation or fraud occurred, (2) the manner or

13   circumstances of the discovery, and (3) reasonable diligence that the discovery could not be made

14   earlier." *Brown v. Madison Reed, Inc.*, 622 F. Supp. 3d 786, 800 (N.D. Cal. 2022) (citation omitted).

15   Here, Plaintiffs merely conclude that their "lack of awareness was not attributable to a lack of

16   diligence on their part." Compl. ¶ 65. They do not plead when they discovered the alleged fraud,

17   how they discovered it, or why they could not have discovered it earlier. In fact, their claims that

18   they experienced "skin irritations . . . following us[e]" of the YIANNA products belie any allegation

19   that they could *not* have discovered the products could cause such reactions. *Id.* ¶ 12; *see also id.*

20   ¶¶ 13–36; *Brown*, 622 F.Supp.3d at 800 (dismissing tolling allegations because alleged "severe

21   adverse reactions . . . would put a reasonable consumer on notice that the products were not as

22   advertised").

23        Plaintiffs' misrepresentation claim also fails. To allege that theory, "[t]he pleader must state

24   the time, place, and specific content of the false representations as well as the identities of the

25   parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007)

26   (citation omitted). The plaintiff must also "allege the names of the persons who made the allegedly

27   fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote,

28

1   and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153,

2   157 (1991).

3         Plaintiffs fail to identify the time, place, and specific content of any allegedly false

4   representations by Amazon about the safety of YIANNA products or who from Amazon

5   purportedly made the representations. Instead, they seem to allege that "by promoting, advertising,

6   and marketing" YIANNA products, Amazon *impliedly* represented that the products are "suitable

7   for use as a waist trainer" despite a safety risk. Compl. ¶ 53. That is insufficient because it does not

8   identify "what the . . . advertisements or other sales material specifically stated . . . when [Plaintiffs

9   were] exposed to them" *and* "which ones [they] found material." *Kearns*, 567 F.3d at 1126.

10  Plaintiffs' misrepresentation claim must therefore be dismissed because Amazon does not have

11  "sufficient information to defend against the charge." *Lee*, 2021 WL 3173253, at *1; *see also In re*

12  *Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 4581340, at *5–

13  6 (N.D. Cal. Sept. 20, 2019) (dismissing fraud claim, in part, because Plaintiffs failed to identify

14  the time and place of Volkswagen's alleged representations to them).

15        ***Negligent misrepresentation***. "The elements of negligent misrepresentation are (1) the

16  misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it

17  to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable

18  reliance on the misrepresentation, and (5) resulting damage." *Broge v. ALN Int'l, Inc.*, 2018 WL

19  6308194, at *4 (N.D. Cal. Dec. 3, 2018). Like their fraud claim, Plaintiffs base their negligent

20  misrepresentation claim on purported omissions and representations:

21      •  Defendant represented the Product as one of the top products in Women's Shapewear on
22         Amazon.com but failed to disclose that the Product actually failed to provide its advertised
           benefits. Compl. ¶ 104.

23      •  At an absolute minimum, Defendant negligently misrepresented or negligently omitted
24         material facts concerning the Product. *Id*. at ¶ 106.

          As an initial matter, any alleged omissions are irrelevant to this claim because "California

25  negligent misrepresentation law . . . does not impose liability for negligent omissions; some

26  positive assertion is required." *Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d

27  1037, 1045 (N.D. Cal. 2006) (cleaned up); *see also Yamauchi v. Cotterman*, 84 F. Supp. 3d 993,

28

-11-

1  1018 (N.D. Cal. 2015) (holding that "an omission alone cannot [support] negligent

2  misrepresentation").

3       The only positive assertion Plaintiffs identify is that the one identified YIANNA product is

4  "one of the top products in Women's Shapewear on Amazon.com[.]" Compl. ¶ 104. However,

5  Plaintiffs fail to explain how that statement is untrue, so the most basic element—a

6  misrepresentation—is missing. They also fail to plead any facts suggesting that Amazon lacked

7  reasonable grounds for believing the alleged representation to be true. *See Broge*, 2018 WL

8  6308194, at *4 (dismissing negligent misrepresentation claim, in part, because plaintiff failed to

9  allege "any facts showing" lack of "reasonable grounds for believing [the] representations to be

10  true"). And their conclusory allegation that Amazon "knew or should have known that these

11  misrepresentations were false," Compl. ¶ 105, is insufficient to establish that Amazon intended to

12  induce Plaintiffs' reliance, *Rakofsky v. Mercedes-Benz USA, LLC*, 2024 WL 1329923, at *9 (N.D.

13  Cal. Mar. 27, 2024) (holding that allegation the representations "were negligently and recklessly

14  made" were "insufficient to plead the third . . . element[]").

15  **E.    Plaintiffs' UCL claim fails under all prongs.**

16       "[T]o state a claim under [the UCL], a plaintiff must establish that the practice is

17  (1) unlawful (i.e., is forbidden by law), (2) unfair (i.e., harm to victim outweighs any benefit) or

18  (3) fraudulent (i.e., is likely to deceive members of the public)." *Moss v. Infinity Ins. Co.*, 197 F.

19  Supp. 3d 1191, 1198 (N.D. Cal. 2016). "[A] plaintiff's allegations must show that a defendant's

20  conduct violates one of these three 'prongs.'" *In re Google Assistant Privacy Litig.*, 457 F. Supp.

21  3d 797, 838 (N.D. Cal. 2020). In addition, "UCL claims alleging fraudulent business practices

22  . . . trigger a heightened pleading requirement" under Rule 9(b). *Moss*, 197 F. Supp. 3d at 1198.

23       To begin, Plaintiffs fail to identify the conduct they contend violated the UCL. They merely

24  assert that "[b]y engaging in the above-described conduct" in the Complaint—all of which is related

25  to product liability claims—Amazon "acted in a manner that is unlawful, unfair, and fraudulent."

26  Compl. ¶ 118. Without any allegations about what Amazon supposedly did or why it was unlawful,

27  unfair, or fraudulent, Plaintiffs could not possibly be "entitled to relief." Fed. R. Civ. P. 8(a)(2). As

28  the Ninth Circuit explained, the "conclusory recitation of one of the UCL's legal standards does

1  not clarify what conduct" allegedly violates the statute or "on what allegations" the plaintiffs "rely."

2  *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1215 (9th Cir. 2020). The claim must therefore be

3  dismissed. *See Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.*, 802 F. Supp. 2d 1078, 1088 (N.D. Cal.

4  2011) (dismissing UCL claim because "Plaintiff does not specifically identify the conduct that

5  allegedly violates the UCL"), *rev'd on other grounds by* 517 F.App'x 589 (9th Cir. 2013); *Nat'l*

6  *Specialty Pharm., LLC v. Padhye*, 2024 WL 2206336, at *5 (N.D. Cal. May 16, 2024) (same).

7      But even if the Court concludes that Plaintiffs have included *some* allegations that could

8  potentially be connected to their UCL claim, Plaintiffs still fail to state a claim under all three

9  prongs of the UCL for fraudulent, unfair, and unlawful acts.

10     ***Fraudulent prong***. Plaintiffs contend that they were not "told" about "the risk of personal

11  injury" from using the Yianna products. Compl. ¶ 117. But as explained above in addressing the

12  common-law fraud claim, Plaintiffs do not plausibly allege that Amazon had a duty to disclose the

13  purported "risk" of "adverse skin reactions" and then improperly omitted that disclosure. Compl.

14  ¶ 117 (first quotation), ¶ 5 (second quotation). Moreover, the public Amazon.com webpage for the

15  identified product shows that Plaintiffs' conclusory allegations about active concealment cannot be

16  true. *See* Speckhard Decl., ¶ 3, Ex. 1. So, Plaintiffs' theory under the UCL's fraudulent prong

17  should be dismissed.

18     Although Plaintiffs appear to allege only an omission theory, the Complaint gestures toward

19  purported misrepresentations. *See* Compl. ¶¶ 3–4. To state a misrepresentation claim, Plaintiffs

20  must plausibly allege that "members of the public are likely to be deceived" by the supposed

21  misrepresentations. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). When alleged

22  misrepresentations are only "generalized, vague, and unspecified assertions," they "constitut[e]

23  mere puffery upon which a reasonable consumer could not rely." *Glen Holly Ent., Inc. v. Tektronix*

24  *Inc.*, 343 F.3d 1000, 1005 (9th Cir. 2003) (cleaned up).

25     The only statements Plaintiffs identify about the products are vague, generalized, and

26  subjective. Whether the products will make someone's "body curve more attractive," "gently lift[]"

27  their "underbust," or "create[] an hourglass figure" are highly subjective. Compl. ¶ 3. The other

28  statements—that the products will generally "[b]oost[] thermal activity" and "[t]ake[] inches off"

1   someone's "waist"—are also vague and exaggerated. *Id.* Under these circumstances, no reasonable

2   consumer would have been deceived. *See, e.g.*, *Brown*, 622 F. Supp. 3d at 802 ("Salon Gorgeous"

3   and "Ingredients with Integrity" were "classic puffery").

4       ***Unlawful prong***. Plaintiffs also fail to allege an unlawful practice. "To state a cause of

5   action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts

6   sufficient to show a violation of some underlying law." *Prakashpalan v. Engstrom, Lipscomb &*

7   *Lack*, 223 Cal. App. 4th 1105, 1133 (2014). That requires "identify[ing] the particular [law] that

8   was violated" and "describ[ing] with reasonable particularity the facts supporting the

9   violation." *Baba v. Hewlett–Packard Co.*, 2010 WL 2486353, at *6 (N.D. Cal. June 16, 2010)

10  (cleaned up).

11      Plaintiffs do not allege *any* underlying unlawful conduct. They contend that Amazon "acted

12  in a manner that is unlawful" but do not identify any specific legal violation that could potentially

13  support an independent UCL violation. Compl. ¶ 118. That is insufficient. *See Baba*, 2010 WL

14  2486353, at *6. And their product liability claims cannot serve as independent legal violations

15  because product liability law is not a "predicate act[] for a UCL claim." *Stearns v. Select Comfort*

16  *Retail Corp.*, 763 F. Supp. 2d 1128, 1150 (N.D. Cal. 2010); *see also Hartless v. Clorox Co.,* 2007

17  WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007) (same); *Holmes v. Hospira, Inc.*, 2013 WL 12132046,

18  at *8 (C.D. Cal. Jan. 10, 2013) (same).

19      ***Unfair prong***. Plaintiffs also fail to state a UCL claim under the "unfair" prong. Under that

20  prong, "courts consider either: (1) whether the challenged conduct is tethered to any underlying

21  constitutional, statutory or regulatory provision . . . ; (2) whether the practice is immoral, unethical,

22  oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's

23  impact . . . outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v. CVS*

24  *Pharm, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020) (cleaned up).

25      Plaintiffs do not allege any facts establishing that Amazon's alleged conduct satisfies any

26  of those tests, leaving the Court and Amazon "to guess what conduct Plaintiffs allege[] satisfie[s]

27  the 'unfair' prong." *Id.* (affirming dismissal). Plaintiffs do not identify any underlying legal policy

28  at all, let alone one that is tethered to disclosing purported risks for the YIANNA products. *See id.*

(affirming dismissal where plaintiffs "do not mention the public policy allegedly violated" or "explain how, the Program violated that policy"). They also do not plead any facts identifying any practice as "immoral," "unethical," or "oppressive"; indeed, they do not even include a "conclusory recitation of [that] legal standard," which itself would be insufficient. *Id.* at 1215. Finally, Plaintiffs are silent about whether the impact of the alleged nondisclosure outweighs any reasons for nondisclosure. *See id.* (affirming dismissal where the plaintiffs "assert in a conclusory fashion that [the defendant's] conduct outweighs any justification, motive or reason" (cleaned up)). Accordingly, Plaintiffs do not allege *any* unfair conduct under the UCL.

* * *

The fact that Plaintiffs do not allege any distinct conduct under each UCL prong also means that if a claim fails under any prong, they all do. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (holding that when "claim under the unfair prong overlaps entirely with the conduct alleged in the [other] prongs," the "unfair prong . . . cannot survive if . . . the other two prongs do not" (cleaned up)); *Amans v. Tesla, Inc.*, 2022 WL 2952474, at *2 (N.D. Cal. July 26, 2022) (Chhabria, J.) (dismissing UCL claim under fraudulent prong because complaint did "not provide a sufficient factual basis for the court to infer" the alleged fraudulent conduct and the same conduct was basis for claim under unfair prong). Because Plaintiffs do not plausibly allege *any* UCL theory, the claim must be dismissed.

## VI.    CONCLUSION

Amazon respectfully requests that the Court dismiss the claims for strict product liability, breach of express warranty, negligent product liability, negligent misrepresentation, fraud, and violation of the UCL (Counts 1–3, 5–8).[2]

---

[2] Amazon reserves the right to make any available argument under its Conditions of Use, including but not limited to the application of Washington law.

1    Dated:  October 11, 2024                **PERKINS COIE LLP**

2

3                                    By:  */s/ Julie L. Hussey*
                                         Julie L. Hussey
4                                         Jacob L. Speckhard
                                         Mallory Gitt Webster (*pro hac vice*)
5
                                    Attorneys for Defendant Amazon.com, Inc. and
6                                    Amazon.com Services LLC (erroneously named
                                    as Amazon.com LLC)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

169063715

3:24-cv-06233-VC
AMAZON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT