UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA VALLES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-06233-VC   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 42 |

Amazon has filed a motion to compel concerning its first and second sets of interrogatories ("rogs") and its first and second sets of requests for production ("RFPs"). Let's read through Amazon's letter brief to see what is at issue. Amazon says that Plaintiffs have asserted "bogus boilerplate objections," and that "those non-particularized objections are improper and must be withdrawn." Amazon also says that "Plaintiffs must provide full, complete, and substantive responses to each interrogatory and request for production in a manner that identifies which responsive documents and information relate to which Plaintiff." According to Amazon, "Plaintiffs responses to Requests for Production all suffer from the further deficiency that they fail to identify with particularity the documents responsive to each request or produce those documents labeled so as to correspond to the categories in the request." Amazon says that "Plaintiffs' improper objections prevent Amazon from determining whether additional documents and information actually are being withheld," and that "the Court should compel Plaintiffs to serve amended responses that remove all non-particularized boilerplate objections." Further, Amazon says that Plaintiffs have improperly objected to every rog as "compound" because they were each served on all 27 Plaintiffs. Amazon also complains that Plaintiffs failed to verify their rog responses.

Amazon sums up its requested relief as follows: "Amazon respectfully requests that the Court enter an order requiring Plaintiffs to serve amended responses to Amazon's first and second sets of interrogatories and first and second sets of requests for production without boilerplate objections; with any objection presented with particularity in a manner that clearly indicates whether any documents or information are being withheld based on the objection; and with full and complete substantive responses organized to make clear which documents and information relate to which Plaintiff, with the interrogatory responses verified by each Plaintiff under penalty of perjury."

This looks like a process-oriented motion to compel, mostly complaining about the form of Plaintiffs' discovery responses. Amazon does demand "full and complete substantive responses," but other than proclaiming its discovery requests "narrowly tailored" and "extremely common and entirely unobjectionable," Amazon doesn't present any substantive argument of its own concerning the relevance and proportionality of its discovery requests. If Amazon wants to move to compel full and complete answers, it needs to do better than just gesture in the general direction of 18 RFPs and 15 rogs and proclaim them all great.

Some of these discovery requests would need some discussion before the Court would be willing to compel a response. For example, RFPs 6 and 7 request signed authorizations for the release of medical and employment records. The Court was under the impression that RFPs should ask for documents that exist and cannot be used to force the creation of documents. The only reference to RFPs 6 and 7 in Amazon's brief is the following: "Amazon's written discovery is narrowly tailored and targeted at fundamental issues in this case: . . . (b) alleged injuries and damages from that use (Interrogatory Nos. 1-4, 10, & 15 and RFP Nos. 5-7, 11, & 18)." There is no discussion or explanation of how these RFPs are proper. Likewise, rog 4 asks: "IDENTIFY the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated." But why is it relevant if the Plaintiff got a root canal or an abortion 10 years ago? This case is about alleged adverse skin reactions from using waist trainers. *See* ECF No. 33

2

(First Amended Complaint) ¶¶ 1, 5.

The Court doesn't think Amazon has made the case, or even tried to make the case, that its discovery requests are relevant and proportional to the needs of the case. Rather, Amazon has complained about boilerplate and improper objections.

Plaintiffs' response is similarly procedural in nature. They don't say they have provided all relevant documents and information, but rather that they are in the process of doing so. They complain about Amazon serving the RFPs and rogs on every Plaintiff at the same time, and they defend the objections they have made.

The Court therefore thinks the dispute that has been properly teed up is Plaintiffs' objections to Amazon's discovery requests. Specifically, these are the disputes Amazon has sufficiently raised: whether the requests are compound, whether the objections are boilerplate and non-particularized, whether Plaintiffs state that they are withholding documents or information based on their objections, whether the responses make clear which documents and information relate to which Plaintiff, and whether the rog responses need to be verified by each Plaintiff.

### A.     Whether the Requests Are Compound

What Plaintiffs mean by this objection is that Amazon served each RFP and rog on all 27 Plaintiffs at once. And you know what? There's nothing wrong with that. Amazon is not obligated to serve 27 identical sets of RFPs and rogs; it can serve one set of each on all of the Plaintiffs. So, Plaintiffs' "compound" objection is **OVERRULED**.

The Court observes that Plaintiffs have followed Amazon's lead and have also responded to the discovery requests collectively. They can do that if they want, provided they make clear which responses, and which portions of the responses, relate to which Plaintiffs. However, Plaintiffs don't have to respond collectively. Each Plaintiff is a separate party and is free to respond on her own.

Plaintiffs argue that "Defendants appear to seek to have it both ways by serving compound cumulative requests to all Plaintiffs at once and then asking Plaintiffs to do Defendants' job in parsing out individual responses. This is not how the Federal Rules are intended to operate." The Court disagrees. The job of the party seeking discovery is to ask for the documents and

3

1  information it wants.  And the job of the party responding to discovery is to say what documents

2  and information that party is providing.  Amazon's serving the same discovery requests on all 27

3  Plaintiffs does not relieve each Plaintiff of the obligation of providing an individual response, at

4  least in situations where the response is individual.  Rogs 8 and 9, for example, are contention

5  rogs, so presumably every Plaintiff's response will be the same.  The Court's point is that Amazon

6  is entitled to read each discovery response, and each part of each discovery response, and know

7  whose response that is.

### B.    Whether the Objections are Boilerplate and Non-Particularized

Let's start with the RFPs.  The first four general objections are attorney-client privilege, attorney work product, relevance, and Rule 26.  They are boilerplate in the sense that everyone asserts these objections all the time, but there is nothing improper about them.  The fifth general objection ("Responding Party does not concede the relevance or materiality of any information requested or provided") is not really an objection.

Turning to the individual RFPs, the objections start out okay but then deteriorate.  Other than the compound objection, which the Court has overruled above, the objections to RFPs 1, 2 and 3 are easy to understand.  The Court is not opining that each objection has merit, but rather that they are not "bogus boilerplate objections" and "non-particularized" as Amazon contends. But for RFP 4 ("Please produce the PRODUCT and the contents of the entire package for the PRODUCT, including instructions, labels, and physical packaging that the PRODUCT was delivered in when YOU received it."), while the Court understands the overbreadth objection (how is the mailing label relevant?), the Court does not understand how "the request is . . . unduly burdensome."  Amazon is asking for the package and everything that was in it.  Plaintiffs either have all that or they don't, but how is the request unduly burdensome?  What does this objection even mean?

And then things go off the rails.  Recall that RFPs 6 and 7 seek authorizations for the release of medical and employment records.  For both Plaintiffs object: "Responding Party further objects to the request as vague, ambiguous, overbroad, and unduly burdensome.  Responding Party also objects to the request to the extent it calls for an expert opinion, and seeks documents

4

protected by the physician-patient and attorney-client privilege and/or the work product doctrine." Um, what?

By the time we get to the second set of RFPs (ECF No. 42-4), the objections are full-on boilerplate. They look copied and pasted into each response, regardless of what the RFP asked for. It's difficult even to understand them. How are documents related to Plaintiffs' damages (RFP 18) "irrelevant"? How is a request for the documents referenced in Plaintiffs' rog responses (RFP 8) "vague and ambiguous"? What does it mean to object based on "or any other privilege"? (RFPs 9-11) When Amazon asked for all documents that supported Plaintiffs' contention that Amazon knew or should have known the product was defective, with a specific citation to paragraph 77 of the Complaint (RFP 13), what does it mean to object that the request "lacks foundation"? Amazon is right that these objections are non-particularized and improper.

Now let's turn to the rogs. Again, the general objections are not problematic. But the objections to the individual rogs are boilerplate right from the beginning. For example, rog 1 asks for a description of Plaintiffs' injuries they claim to have suffered as a result of the incident. After making the compound objection, Plaintiffs say: "Responding Party also objects to this interrogatory on the grounds it is vague and ambiguous, overbroad, and duplicative of other discovery propounded by the Propounding Party. Responding Party further objects on the grounds that the interrogatory calls for legal conclusions and expert opinions. Finally, Responding Party objects on the grounds that the interrogatory seeks confidential and privileged medical information and information which contains or relates to confidential communications between attorney and client on the ground of the attorney-client privilege and/or work product doctrine." But how could this request be vague, ambiguous and overbroad? What's wrong with asking Plaintiffs to describe their injuries, even if similar information might be in a different discovery response? It's true that a description of injuries caused by the incident calls for a legal conclusion (the conclusion is that Amazon's conduct caused the injury) and might very well be the subject of an expert opinion, but does anyone really think you can avoid answering questions like this in discovery? Likewise, when you sue for personal injury, you can't stand on privacy when you are asked to describe your damages. Nor does a description of one's injuries implicate the attorney-client privilege or work

5

1    product doctrine.  It's not just that these objections are nonsense; they are random boilerplate.

2    With slight variations, Plaintiffs' objections to all of the individual rogs are random
3    boilerplate.  This is unacceptable.  The Court **ORDERS** Plaintiffs to redo their discovery
4    responses and remove the boilerplate objections.

### C.   Whether Plaintiffs State That They Are Withholding Documents or Information Based on Their Objections

This one is easy.  The answer is no, Plaintiffs do not ever state whether they are withholding documents or information based on their objections.  For the RFPs, this is a clear violation of Rule 34(b)(2)(C), which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  But for the rogs, this doesn't seem to be a problem because Rule 33 does not contain such a requirement.

Accordingly, the Court **ORDERS** Plaintiffs to redo all of their RFP responses to state for each objection whether they are withholding responsive materials.

### D.   Whether the Responses Make Clear Which Documents and Information Relate to Which Plaintiff

For the RFPs, Plaintiffs respond to each collectively, so there is no ambiguity whose responses those are.

For the rogs, the Court can't tell if this is or will be a problem, primarily because most of the rog responses are works in progress.  Accordingly, the Court will not issue an order with respect to this issue right now.  As noted above, when Amazon reads a rog response, it is entitled to know who it is about, and who each portion of it is about.  When Plaintiffs answer collectively, it must be clear that they are answering collectively.  When they answer separately, that must be clear as well.

### E.   Whether the Rog Responses Need to Be Verified by Each Plaintiff

They do, because Rule 33 says that.  Fed. R. Civ. Proc. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").  If Plaintiffs continue to serve collective responses, the verifications for each Plaintiff can specify the portions that each is verifying.  However, when the verifications are added up, they have to cover

6

the whole answer.  In other words, there can't be parts of the answer that are not verified.

**F.     Conclusion**

Amazon's motion to compel is granted in part and denied in part as stated above.  The Court **ORDERS** Plaintiffs to serve amended discovery responses in conformity with this order within 30 days.

**IT IS SO ORDERED.**

Dated: April 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge