UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA VALLES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-06233-VC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

Amazon's motion to dismiss the first amended complaint is granted in part and denied in part. This order assumes the reader's familiarity with the facts of this case.

1. *Failure to Warn:* The plaintiffs have adequately pled a failure-to-warn claim. Amazon argues that the plaintiffs have failed to state a claim because they did not plead the exact source of injury, i.e., specifics about the component that caused the plaintiffs' skin issues. But Amazon cites no case requiring plaintiffs to plead exactly the nature of the defect that caused their injuries, nor did the Court identify any. Instead, the question is whether the plaintiffs have identified the danger or hazard and whether the defendant failed to warn of that danger or hazard. *See Johnson v. American Standard, Inc.*, 43 Cal. 4th 56, 64 (2008).

Applying Rule 8's pleading standard, the plaintiffs have pled their failure to warn claim with sufficient detail to create the plausible inference that Amazon knew there was a risk of rash and other skin injuries beyond the type experienced by those with latex allergies, that Amazon failed to warn of that hazard, and that the plaintiffs were harmed by that failure to warn. The plaintiffs allege that they experienced bad skin rashes and chemical burns using the products; that they believe the products caused those injuries, maybe through an adhesive; and they

provided pictures in the complaint tending to show a pattern of injury that makes the inference plausible that the injuries were caused by something in the product. In addition, they assert that the latex warning was insufficient because the injuries are not similar to a latex allergy, the plaintiffs do not suffer from latex allergies, and the latex portion of the waist trainers does not come into contact with the user's skin when used as advertised. Compl. at ¶ 8. At the pleading stage, that is enough to create the plausible inference that there was a hazard that Amazon failed to warn about.

The plaintiffs have also adequately alleged that Amazon was on notice of the defect. They assert that Amazon began receiving product complaints as early as 2017 regarding the rashes. Compl. at ¶¶ 61–64. And the product website, which Amazon asked the Court to take judicial notice of,[1] shows that some of those reviews contained similar photos to the ones in the complaint, with skin rashes that very clearly follow the "boning" in the product. Those images should have put Amazon on notice that its latex allergy warning was potentially insufficient to warn consumers of the range of skin issues that they could face if they used the product.

Finally, Amazon argues that this claim should be dismissed because the plaintiffs have failed to allege what a "proper" warning looks like, citing *Patton v. Forest Laboratories, LLC*. No. 17-CV-922, 2018 WL 5270476 (C.D. Cal. May 10, 2018), aff'd sub nom. *Patton v. Forest Laboratories, Inc.*, 793 F. App'x 608 (9th Cir. 2020). But in that case, the product had a warning that seemingly addressed the precise concern of the plaintiffs, and the plaintiffs did not explain why it was insufficient or what needed to be added. *Id.* at *15. Here, the plaintiffs have made clear that the latex warning was inadequate because the injuries are not similar to those experienced by people with a latex allergy. Compl. at ¶ 8. The plaintiffs did not also have to propose language for a model warning in order to state a claim for strict liability failure to warn.

2. *Manufacturing Defect:* The plaintiffs have failed to plead a manufacturing defect claim because they did not plead how the product deviated from the intended design or result. *See*

---

[1] The request is denied because the website was incorporated into the complaint by reference.

*Trabakoolas v. Watts Water Technologies, Inc.*, No. 12-CV-01172, 2012 WL 2792441, at *4 (N.D. Cal. July 9, 2012). This claim is dismissed with prejudice.

    3. *Design Defect:* The motion to dismiss is denied as to the plaintiff's strict liability design defect claim. The plaintiffs' allegations are that the products cause skin issues that render the product unable to perform safely and that once consumers realize this, the product is useless to them. These allegations, in addition to the specific allegations regarding the products and the plaintiffs' injuries, satisfy the consumer expectations test, which asks whether the product "has failed to perform as safely as ordinary consumers would expect when used in an intended or reasonably foreseeable manner." *Altman v. HO Sports Co.*, No. 1:09-CV-1000, 2009 WL 4163512, at *6 (E.D. Cal. Nov. 23, 2009). Amazon argues that this case is an allergy case, and so the use of the consumer expectations test is not the appropriate inquiry. *See Morson v. Superior Court*, 90 Cal. App. 4th 775, 795 (2001). But the plaintiffs are not alleging that something in the product has caused an allergic reaction; instead, they assert that something in the product is causing skin issues that are happening because the product is dangerous, not because their bodies are experiencing an immunological reaction that is idiosyncratic.

    Their allegations also satisfy the risk-benefit test, which asks whether the product's "design embodies 'excessive preventable danger,' that is, the risk of danger inherent in the design outweighs the benefits of such design." *Altman*, 2009 WL 4163512, at *6. It's plausible that a reasonable person would learn about the risk of the plaintiffs' injuries and determine that the "waist training" benefits do not outweigh those risks.

    Amazon also argues that the thousands of positive reviews about these products show that there is no design defect. But surely a product that produces terrible outcomes, even if that outcome only happens to some small percentage of the users, might still be indicative of a faulty design.

    4. *Negligent Product Liability:* The motion to dismiss is granted for this claim. Under California law, the plaintiffs needed to plead "that the defect in the product was due to negligence of the defendant." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001). The

plaintiffs did not satisfy this standard—and could not—because they do not allege that Amazon designed or manufactured the product. This claim is dismissed with prejudice.

     5. *Breach of Implied Warranty:* The plaintiffs have stated a claim for breach of implied warranty. Amazon asserts that a product breaches the implied warranty of merchantability only if lacks "even the most basic degree of fitness for ordinary use." Motion to Dismiss at 7 (quoting *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *8 (N.D. Cal. Oct. 29, 2018)). But under California law, an implied warranty also "require[s] the goods be fit for their ordinary purpose." *Day v. Advanced Micro Devices, Inc.*, No. 22-CV-04305-VC, 2023 WL 6998188, at *1 (N.D. Cal. Oct. 23, 2023). Here, the plaintiffs have adequately alleged that the injuries that occurred while the plaintiffs were wearing the products show that the products were not fit for their ordinary purpose (i.e., being worn). And as noted above, the plaintiffs have plausibly alleged that the issue is not that the plaintiffs are experiencing an idiosyncratic reaction.

     6. *Express Warranty:* "To state a claim for breach of express warranty, a plaintiff must allege that the defendant's statements constituted an affirmation of fact or promise or a description of one of the goods; that the statement was part of the benefit of the bargain; and that the warranty was breached." *Smith v. LG Electronics U.S.A., Inc.*, No. C 13–4361 PJH, 2014 WL 989742, at *4 (N.D. Cal. Mar. 11, 2014). The plaintiffs must also have alleged that they relied on the warranty and that the breach of the warranty was the proximate cause of the plaintiffs' injuries. *Uddin v. Automobili Lamborghini America, LLC*, 765 F. Supp. 3d 952, 969 (N.D. Cal. 2025).

     The plaintiffs allege a number of promises that they assert Amazon breached. The most promising for the plaintiffs is their allegation that the description of goods, in this case the list of materials on the product website, was incorrect. "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 231(b). And the plaintiffs adequately allege that the description on Amazon's website did not include any adhesive agent, the zinc that the plaintiffs assert coat the product's steel boning, or any mention of polyester or cotton, all of which the plaintiffs

4

contend are breaches of the express warranty provided by Amazon's description.

But the plaintiffs say that they are unsure what exactly in the product is causing the problem, although they suspect that it is an adhesive agent in the product. *See* FAC at ¶ 13. If the plaintiffs do not know what material is causing their problems, how could the plaintiffs have relied on the description of the goods? The plaintiffs do not assert that they looked at the list of materials and might not have purchased if they saw *any* adhesives, for example. So there is no plausible inference for the Court to make about whether any reliance occurred, or whether that reliance might have been reasonable.

As for their claims that statements that the products would "boost thermal activity and gently lift underbust, take inches off your waist and create an hourglass figure and promote a quick post-partum recovery," and other such claims, those statements are both non-actionable puffery and are unrelated to the actual breach—the injuries sustained by the plaintiffs.

Finally, no reasonable person would have read the AI-generated compilations of user reviews to be guarantees by Amazon, as opposed to opinions by third parties, i.e., the other reviewers. So the plaintiffs' breach of express warranty claim is dismissed with prejudice.

7. *Fraudulent and Negligent Misrepresentation:* The plaintiffs have failed to plead deliberate concealment or affirmative misrepresentations with sufficient particularity. In addition, the plaintiffs do not allege that they relied on any misrepresentations, including failing to allege which misrepresentations they relied on or even when they purchased their products. These claims are dismissed with prejudice.

8. *Unfair Competition Law:* The plaintiffs do not plead their allegations with sufficient particularity to conclude that Amazon's behavior has been fraudulent. But their allegations and claims are sufficient to show that Amazon's actions were plausibly unlawful and unfair, under any conception of what constitutes unfairness under the UCL. *See Torres v. Botanic Tonics, LLC*, 709 F. Supp. 3d 856, 861–64 (N.D. Cal. 2023) (discussing the tests for determining an unfair practice of law).

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____

VINCE CHHABRIA
United States District Judge